Stephen M. Garcia (SBN 123338)
sgarcia@lawgarcia.com
THE GARCIA LAW FIRM
One World Trade Center, Suite 1950
Long Beach, California  90831
Telephone: (562) 216-5270
Facsimile:  (562) 216-5271

Co-Lead Counsel for Plaintiffs and the Settlement Class

Terrence J. Dee (*pro hac vice*)
tdee@kirkland.com
Michael B. Slade (*pro hac vice*)
mslade@kirkland.com
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

Counsel for Defendant Motorola, Inc.

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Bluetooth Headset Products Liability Litigation | Case No. 2:07-ML-1822-DSF-E<br>**CLASS ACTION**<br><br>**CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Judge:  Hon. Dale S. Fischer<br>Dept.:  840<br><br>Date:          **February 9, 2009**<br>Time:          **1:30 p.m.**<br>Courtroom:  **840** |

This Settlement Agreement ("Agreement" or "Settlement") is entered into between the Representative Plaintiffs on behalf of themselves and the Class, and Defendants Motorola, Inc. ("Motorola"); Plantronics, Inc. ("Plantronics"); and GN Netcom, Inc. ("GN"), by and through their respective counsel or other designated signatory, in settlement and compromise of the Actions.

## 1. DEFINITIONS

1.1   "Actions" means *In re Bluetooth Headset Product Liability Litigation,* MDL No. 1822 (the "MDL Cases"), all cases coordinated within MDL 1822 (a list is attached as Ex. A), and *Kirkpatrick v. Motorola,* 07-5570 (DSF) (C.D. Cal. filed Aug. 24, 2007) ("*Kirkpatrick*").

1.2   "Bluetooth Headsets" means Bluetooth headsets manufactured or sold by any of the Defendants during the Class Period.

1.3   "Settlement Class" means all persons or entities in the United States who: between June 30, 2002 and the date of entry of the Notice Order, purchased a Bluetooth Headset manufactured by Motorola, Plantronics or GN.  Excluded from the Class are: (a) the Defendants and their parents, subsidiaries, and affiliates, current and former directors and officers; (b) any entity in which any of the Defendants has a controlling interest; (c) any successor or assign of any of the Defendants; (d) any person who has validly elected to exclude themselves from the Settlement Class pursuant to Paragraph 5.5 herein; and (e) the Judge to whom the Actions are assigned.

1.4   "Class Member" means any member of the Settlement Class.

1.5   "Class Counsel" means: Bruce L. Simon, Esq. and Clifford H. Pearson, Esq., Pearson, Simon, Soter, Warshaw & Penny, LLP, 44 Montgomery Street, Suite 1430, San Francisco, CA 94104; Stephen M. Garcia, Esq., The Garcia Law Firm, One World Trade Center, Suite 1950, Long Beach, CA  90831; Melissa M. Harnett, Wasserman, Comden & Casselman, L.L.P., 5567 Reseda Boulevard, Suite 330, Tarzana, California 91357; Steven A. Hart, Segal McCambridge Singer & Mahoney, 330 N. Wabash Suite 200, Chicago, IL 60611; Michael Fuller, McHugh Fuller Law

1  Group, 97 Elias Whiddon Road, Hattiesburg, MS 39402; Jack T. Patterson, II, Patton

2  Roberts McWilliams & Capshaw, 111 Center Street, Ste. 1315, Little Rock, AR

3  72201; and Michael Kelly, Kirtland & Packard, 2361 Rosecrans Ave., 4th Floor, El

4  Segundo, CA 90245.

5        1.6   "Consolidated Amended Complaint" means the Second Amended

6  Consolidated Complaint filed in the MDL Cases and the Complaint filed in

7  *Kirkpatrick*.

8        1.7   "Court," unless specifically stated otherwise, means the United States

9  District Court for the Central District of California, Western Division.

10        1.8   "Defendants" means, collectively, Motorola, Inc.; Plantronics, Inc.; and

11  GN Netcom, Inc., and each of their parents, subsidiaries and affiliates.

12        1.9   "Effective Date" means the date when each and all of the following

13  conditions have occurred:

14       a.   This Agreement has been fully executed by all the Parties and their

15          counsel;

16       b.   Orders have been entered by the Court certifying the Settlement

17          Classes, granting preliminary approval of this Agreement, and

18          approving the Notice Plan;

19       c.   The Court-approved Notice Plan has been duly promulgated as

20          ordered by the Court;

21       d.   The Court has entered an order approving this Agreement and

22          finally dismissing the Released Claims with prejudice; and

23       e.   That order and judgment becomes Final.

24      1.10   "Final" means that (a) the judgment is a final, appealable judgment order;

25  and (b) either (i) no appeal has been taken from the judgment as of the date on which

26  all times to appeal there from have expired, or (ii) an appeal or other review

27  proceeding of the judgment having been commenced, such appeal or other review is

28  finally concluded and no longer is subject to review by any court, whether by appeal,

1   petitions for rehearing or reargument, petitions for rehearing en banc, petitions for writ

2   of certiorari, or otherwise, and such appeal or other review has been finally resolved in

3   such manner that affirms the Final Order and judgment in all material respects.

4       1.11   "Judgment" means the judgment to be entered by the Court pursuant to

5   this Settlement, substantially in the form attached hereto as Exhibit E (but which may

6   be modified or amended as necessary before entry in order to effectuate the terms of

7   this Agreement), which shall include, among other things, certification of the Class for

8   settlement purposes only, final approval of the Settlement, dismissal of the Actions

9   with prejudice and approval and entry of the provisions contained in Paragraphs 3.9-

10  3.10, relating to releases, below.

11      1.12   "Notice Order" means an order substantially in the form of Exhibit B

12  hereto, providing for, among other things, provisional certification of the Class for

13  settlement purposes only; preliminary approval of the Settlement; approval of the

14  class notices attached as Exhibits B-1 and B-2 (the "Class Notice"); dissemination of

15  Class Notice according to the notice plan; and setting of the Fairness Hearing.

16      1.13   "Parties" means the Representative Plaintiffs and the Defendants.

17      1.14   "Representative Plaintiffs" means named plaintiffs Lori Raines, Betsee

18  Finlee, Michael Jones, Amy Karle, Evan Nass, Aleksandra Spevacek, Betty Dumas,

19  Kimberly Ryan, and Hayden Kirkpatrick, identified in the Consolidated Amended

20  Complaint.

21  **2.      RECITALS.**

22      2.1    Twenty-six putative class actions were filed against Defendants in

23  various courts involving the marketing and sale of wireless headsets, commonly

24  known as "Bluetooth Headsets."

25      2.2    On February 20, 2007, the Judicial Panel on Multidistrict Litigation

26  coordinated these cases in the Central District of California before the Honorable Dale

27  S. Fischer, in *In re Bluetooth Headset Product Liability Litigation,* MDL No. 1822

28  (the "MDL Cases").

2.3    On or about August 26, 2007, *Kirkpatrick* was filed in the Central District of California and is pending before the Honorable Dale S. Fischer.

2.4    The Actions allege that the use of Bluetooth Headsets poses a risk of noise induced hearing loss and that Defendants failed to warn of that purported risk.

2.5    Defendants deny all allegations of wrongdoing asserted in the Actions and deny liability under any cause of action asserted therein. Defendants specifically deny that the use of their Bluetooth Headsets creates or contributes to any risk of noise induced hearing loss. Defendants do not oppose class treatment of the Actions for settlement purposes only (as opposed to merits purposes) pursuant to Federal Rule of Civil Procedure 23.

2.6    The Parties and their counsel participated in a mediation of their dispute before the Honorable Steven J. Stone, Presiding Justice, California District Court of Appeal (Ret.), during which and after the Parties engaged in arms-length settlement negotiations.

2.7    The Parties recognize that the outcome of the Actions is uncertain and that pursuing the Actions to a litigated judgment would entail substantial cost, risk, and delay.

2.8    The Representative Plaintiffs and their counsel have investigated the factual and legal issues raised by the claims asserted in the Actions and believe that, in light of the cost, risk, and delay of continued litigation balanced against the benefits of the settlement set forth in this Agreement, that such settlement is in the best interests of, and is fair, reasonable, and adequate for the Class as a whole.

2.9    Defendants deny that the Actions have merit but are entering into this settlement solely to avoid the expense and distraction of continued litigation.

2.10   Through this Settlement, the Parties desire to compromise and settle all issues and claims that were raised or that could have been raised in the Actions by or on behalf of members of the Class, except claims for personal injury allegedly caused by Bluetooth Headsets. Notwithstanding the immediately preceding sentence or any

other provision in this Agreement, the parties seek to settle any and all claims for rescission, restitution, diminution in value, disgorgement, purchase price and other economic damages based on the cost of a Bluetooth Headset.

2.11   The Parties recognize that this Agreement shall not be construed as or be deemed an admission or even a suggestion of the truth of any allegation, the validity of any claim asserted in the Actions, or as evidence of any violation of any state or federal law or of any wrongdoing by Defendants.

2.12   The Parties desire and intend to seek Court approval of this Settlement and upon Court approval, the parties intend to seek a Final Order and Judgment from the Court dismissing with prejudice all claims of Plaintiff and the Settlement Class, as outlined in the Releases set forth herein.

2.13   The Parties agree that this Settlement is final and enforceable only upon Court Approval.

2.14   The Parties agree to undertake all reasonable efforts, including all steps and efforts that may become necessary by order of the Court, to effectuate the terms and purposes of this Agreement, to secure the Court's approval of it, and to oppose any objections to and appeals from any order of final approval.

3.   **SETTLEMENT CONSIDERATION**

3.1   Defendants agree to:

a.   post warnings containing additional acoustic safety information, in substantially the form as attached in Exhibit C hereto, on their respective websites within ten (10) business days following the Court's approval of the Notice Order, and identify these websites in the Class Notice; and

b.   provide the additional acoustic safety information set forth in Exhibit D in product manuals and/or packaging for new Bluetooth Headsets shipped ninety (90) days after the Effective Date.

3.2   Within thirty (30) days after the Effective Date, and upon approval by the

1   Court, Defendants will pay a total of $100,000 to fund the following organizations,
2   selected by Plaintiffs and their counsel, in the specified amounts: The University of
3   Tennessee College of Medicine, Center for Independent Living Research ("CILR"),
4   $31,666.67; the National Hearing Conservation Association ("NHCA"), $31,666.67;
5   the American Speech and Hearing Association ("ASHA"), $31,666.66; and the
6   Greater Los Angeles Agency on Deafness ("GLAD"), $5,000.  The Parties agree that
7   Defendants' funding of these organizations is not an admission or suggestion of any
8   association or relationship between Defendants' Bluetooth Headsets and hearing loss
9   or support for any allegation in the Consolidated Amended Complaint.  Defendants
10  specifically deny any association or relationship between the use of Bluetooth
11  Headsets and hearing loss.

12      3.3   Class Counsel agrees not to publicize the Settlement without prior written
13  consent from Counsel for Defendants, except for the Class Notice, any other notice
14  required by the Notice Order, the court filings required by this Agreement and on their
15  law firms' website (but only upon Defendants' approval of the language used on the
16  websites).

17      3.4   Defendants will pay all costs associated with disseminating notice of the
18  Settlement to the Class ("Notice Costs"), the form of such notice to be agreed upon by
19  Defendants and Class Counsel (attached as Exs. B-1 and B-2) and provided in the
20  Notice Order issued by the Court.   If the Notice Costs exceed $1.2 million,
21  Defendants have the right to return to mediation with Class Counsel to mediate an
22  adjustment to the Settlement Agreement with Justice Steven Stone (ret).   If the
23  mediation is unsuccessful, Defendants and/or Plaintiffs may rescind this Settlement.

24      3.5   Defendants will pay to Representative Plaintiffs incentive payments in an
25  amount to be approved by the Court, not to exceed $12,000 in total payments to all
26  Representative Plaintiffs.

27      3.6   Defendants will pay Class Counsel attorneys' fees in an amount to be
28  approved by the Court, not to exceed $800,000 for Class Counsel.

1      3.7   Defendants will pay documented costs to Class Counsel in an amount

2  approved by the Court, not to exceed $38,000.  If Notice Costs are less than $1.2

3  million, then Defendants will pay Class Counsel additional documented costs up to

4  $12,000.  For example, if Notice Costs are $1,194,000, Defendants will pay Class

5  Counsel an additional $6,000 in documented costs.  If Notice Costs are $1,100,000,

6  Defendants will pay Class Counsel an additional $12,000 in documented costs.  In no

7  event shall Defendants be required to pay Class Counsel more than $50,000 in total

8  documented costs.

9      3.8   The Parties expressly agree that the terms of this Agreement are not

10 conditioned upon any minimum attorneys' fee award, minimum costs award, or upon

11 the payment of any incentive award to any Plaintiff.

12     3.9   In consideration of the benefits described above, the Representative

13 Plaintiffs promise, covenant and agree, and each Class Member shall be deemed to

14 have promised, covenanted and agreed, that, upon the Effective Date, the

15 Representative Plaintiffs and the Class Members, by operation of the Judgment, shall

16 have hereby released, waived and discharged Defendants, including Defendants'

17 subsidiaries, affiliates, associates, general or limited partners or partnerships,

18 predecessors, successors, and/or assigns, including, without limitation, any of their

19 respective present or former officers, directors, trustees, employees, agents, attorneys,

20 representatives and shareholders, affiliates, associates, general or limited partners or

21 partnerships, heirs, executors, administrators, predecessors, successors, assigns or

22 insurers and anyone acting on their behalf, individually and collectively (collectively

23 "Released Parties"), from liability for any and all claims, demands, debts, rights,

24 causes of action or liabilities whatsoever, including known and unknown claims, now

25 existing or hereafter arising, in law, equity or otherwise, which were asserted or could

26 have been asserted in the Consolidated Amended Complaint, including, but not

27 limited to, any and all claims alleged to constitute or have constituted breach of

28 warranty, consumer fraud, deceptive or unfair business practices, false or misleading

advertising, intentional or negligent misrepresentation, negligence, concealment, omission, unfair competition, unjust enrichment, breach of contract, and breach of covenant of good faith and fair dealing, and any and all claims or causes of action arising under or based upon any statute, act, ordinance, or regulation, including, but not limited to, any and all claims relating to or alleging violation of California's Unfair Competition Law (Bus. & Prof. Code §§ 17200-17209), False Advertising Law (Bus. & Prof. Code §§ 17500-17536), Consumers Legal Remedies Act (Civ. Code §§ 1750-1784); or Illinois' Deceptive Trade Practices Act (815 ILCS 510) or Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505) ("Settled Claims").  The period covered by this release shall comprise the time period of June 30, 2002 up to and including the date of entry of the Notice Order.  Claims for personal injury are not released, as more fully described in Paragraph 3.10, below. The Parties recognize and agree that this is a general release.  Representative Plaintiffs and the Class Members expressly waive and relinquish, and shall be deemed to have **waived and relinquished**, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code section 1542 and the provisions, rights, and benefits conferred by any law of the United States, any law of any State or the District of Columbia, or any principle of common law that is similar, comparable, or equivalent to California Civil Code section 1542, which states, **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

　　　　3.10   Although the Actions seek general damages based on allegations that the use of Bluetooth Headsets poses a risk of noise induced hearing loss, which is defined in the Actions as "the slow loss of hearing caused by unsafe levels of noise" and further allege that "[h]earing loss happens when unsafe levels of noise hurt the hair cells in the inner ear," that "[n]oise-induced hearing loss is nerve deafness which lasts forever" and that "[t]here is no treatment, no medicine, no surgery, and no device

1   which can correct hearing once damaged by noise," the Settled Claims do not include

2   any claims, causes of action, lawsuits, actions, administrative proceedings, and/or

3   demands for personal injury, including any available remedies ("Personal Injury

4   Claims").  The Parties agree that: (1) any person participating in the Settlement as a

5   Settlement Class Member has not released any Personal Injury Claim or any right to

6   pursue any Personal Injury Claim in a separate litigation; (2) the release of Settled

7   Claims may not be interpreted as a bar to any separate litigation by a Settlement Class

8   Member for any Personal Injury Claim; and (3) in no event shall the release of Settled

9   Claims be used for the purpose of defeating a Settlement Class Member's Personal

10   Injury Claim.  Notwithstanding this provision, Paragraph 3.10, or any other provision

11   in this Agreement, the parties agree that the Settled Claims include any and all claims

12   for rescission, restitution, diminution in value, disgorgement, purchase price and other

13   economic damages based on the cost of a Bluetooth Headset.

14         3.11   Upon the Effective Date, for the consideration provided for herein and by

15   operation of the Final Order and Judgment, the Representative Plaintiffs shall have,

16   and each Class Member and the Class shall be deemed to have, covenanted and agreed

17   that he or she shall not, at any time, institute, cause to be instituted, assist in instituting

18   or permit to be instituted on his or her behalf any proceeding in any state or federal

19   court, in or before any administrative agency, or any other proceeding or otherwise

20   allege or assert any of the Settled Claims against the Released Parties, individually or

21   collectively.

22         3.12   The sole remedy for default of this Agreement by any Party is an action

23   for breach of this Agreement.  Following entry by the Court of a Judgment that

24   substantially takes the form of Exhibit E to this Agreement and completion of all

25   obligations and undertakings set forth therein, no default by any party shall affect the

26   final dismissal of the Actions with prejudice, the discharge of any of the Defendants,

27   any Released Persons, Class Counsel, Representative Plaintiffs, or Class Members,

28   either individually or collectively, or the releases and covenants provided in

1    connection with this Agreement and set forth in Paragraphs 3.9-3.11.

2    **4.    DENIAL OF WRONGDOING OR LIABILITY.**

3        4.1    This Agreement constitutes the resolution of disputed claims, is for

4    settlement purposes only and shall not be used by any party or Class Counsel for any

5    other purpose.  Defendants expressly deny that they have violated any law, breached

6    any agreement or obligation to the Representative Plaintiffs or the Class, or engaged

7    in any wrongdoing with respect to the Representative Plaintiffs or the Class.  Other

8    than the obligations that are set forth in this Agreement for settlement purposes,

9    Defendants deny that they are liable to the Representative Plaintiffs or to the Class for

10   any claims, causes of action, costs, expenses, attorneys' fees or damages of any kind

11   relating to any of the claims that were or could have been alleged in the Actions.

12   Defendants deny that any of the claims were appropriate for maintenance as a class

13   action through trial.    Neither this Agreement nor any actions undertaken by

14   Defendants in satisfaction of this Agreement shall constitute, or be construed as, an

15   admission of any liability or wrongdoing, or recognition of the validity of any

16   allegation of fact or law made by the Representative Plaintiffs in the Actions, or in any

17   other action or proceeding.  Any orders related to class certification entered as to the

18   Consolidated Amended Complaint submitted with this Agreement or otherwise shall

19   not constitute, in the Actions, or any other proceeding, an admission by Defendants

20   that the Representative Plaintiffs' claims, or those of any alleged Class Member, are

21   appropriate for class treatment or that any requirement for class certification is

22   otherwise satisfied in the Actions or any proceedings arising from the alleged conduct

23   in these Actions.  By entering into this Agreement, Defendants in no way waive their

24   right to challenge or contest, on any and all grounds, any allegations that a class may

25   be certified in the Actions.  If this Agreement is terminated and becomes null and

26   void, the class action aspects of the Agreement shall have no further force and effect

27   with respect to any Party and shall not be offered in evidence or used in the Actions or

28   any other proceeding.  This Agreement, even when Effective, shall not be offered or

1  be admissible in evidence against any of the Defendants or cited or referred to in any

2  action or proceeding, except in an action or proceeding brought to enforce its terms or

3  by any of the Defendants in defense of any claims brought by the Representative

4  Plaintiffs, the Class or any Class Members.

5  **5.**     **SETTLEMENT APPROVAL PROCESS.**

6       5.1   Defendants shall, within ten (10) days of filing this Agreement with the

7  Court, serve a notice of this Agreement upon the appropriate state official of each

8  state in which a Class Member resides and the appropriate federal official, pursuant to

9  28 U.S.C. § 1715(b).

10      5.2   The Parties will apply to the Court for entry of the proposed Notice Order

11  and setting of a hearing for the Court to consider (a) whether to make final its

12  certification of the Class for purposes of the Settlement but not for trial purposes; (b)

13  whether to grant final approval of the Settlement as fair, reasonable, and adequate for

14  Class as a whole; (c) whether to grant Class Counsel's application for attorneys' fees

15  and costs and the Representative Plaintiffs' incentive award and, if so, in what

16  amounts; and (d) any related matters as appropriate ("Fairness Hearing").

17      5.3   Class Counsel will in good faith allocate the fee award among themselves

18  in a manner which, in their judgment, reflects their relative contributions to the

19  Actions and the Agreement. Class Counsel will in good faith allocate the incentive

20  awards among the Representative Plaintiffs in a manner which, in the judgment of

21  Class Counsel, and as approved by the Court, reflects their relative contribution to the

22  Actions and the Agreement. Class Counsel and the Representative Plaintiffs shall

23  have no recourse to, nor any claims of any nature whatsoever against, Defendants in

24  the event of a disagreement as to the apportionment of any fees or incentive award.

25      5.4   Defendants and Class Counsel will work together with, among others, the

26  Settlement Administrator to disseminate the Class Notice in accordance with the

27  Notice Order. No later than the day the motion for final approval of the Settlement is

28  to be filed under the Notice Order, the Settlement Administrator or such other

**CLASS ACTION SETTLEMENT AGREEMENT**

1    appropriate person or entity, among others, will file an affidavit or declaration
2    attesting that notice to the Class was disseminated in accordance with the Notice
3    Order.

4         5.5    Any Class Member may request exclusion from the Class. The Parties
5    agree they will request that the Court order the following procedure for exclusion
6    requests: (a) any Class Member who would like to request exclusion from the Class
7    must make the request in a writing, mailed or sent via facsimile to the Settlement
8    Administrator, that includes the Class Member's full name, mailing address, telephone
9    number, and a statement substantially similar to the following: "I request to be
10   excluded from the Settlement Class in In re Bluetooth Headset Litigation" (b) requests
11   for exclusion must be received no later than a deadline set by the Court, which
12   deadline shall be set forth in the Class Notice; and (c) no Class Member may request
13   exclusion on behalf of any subclass of the Class. The Parties and the Parties' Counsel
14   shall use the information in the exclusion requests only for purposes of determining
15   and/or establishing whether a Person has timely and properly opted out of the
16   Settlement Class.

17        5.6    Any Class Member may present written objections explaining why the
18   settlement should not be approved as fair, reasonable, or adequate, or why attorneys
19   fees, costs, and expenses should not be determined and awarded to Class Counsel.
20   The Parties agree they will request that the Court order the following procedure for
21   written objections: (a) written objections, including the objector's full name, address,
22   and telephone number, and, if applicable, the name, address, and telephone number of
23   the objector's attorney, along with all reasons for objecting to the settlement and any
24   supporting papers, materials, or briefs, must be filed with the Court and must be
25   mailed to the Settlement Administrator; (b) any such objections must be received no
26   later than a deadline to be set by the Court, which deadline shall be set forth in the
27   Class Notice; and (c) any such objections must comply with all filing rules of the
28   United States District Court for the Central District of California, including electronic

1  filing rules if applicable, and failure to follow such filing rules shall constitute non-
2  compliance with the rules governing objections, such that the objection will be
3  deemed invalid.

4      5.7  Any Class Member may appear at the Fairness Hearing to present
5  objections explaining why the settlement should not be approved as fair, reasonable,
6  or adequate, or why attorneys fees, costs, and expenses should not be determined and
7  awarded to Class Counsel.  The Parties agree they will request that the Court order the
8  following procedure for appearing at the Fairness Hearing:  (a) a Class Member
9  intending to appear at the Fairness Hearing must file a written statement with the
10  Court that complies with the Court's filing rules, including electronic filing rules if
11  applicable, and serve that statement by hand delivery, first-class mail, or facsimile on
12  Class Counsel and counsel for Defendants; (b) the written statement must include (i) a
13  statement of written objections, including the objector's full name, address, and
14  telephone number, and, if applicable, the name, address, and telephone number of the
15  objector's attorney; (ii)  copies of any papers, materials, or briefs in support of the
16  statement of written objections, and (iii) notice of intent to appear at the Fairness
17  Hearing; (c) any such statement must be filed and served no later than a deadline to be
18  set by the Court, which deadline shall be set forth in the Class Notice; and (d) any
19  Class Member who does not file and serve a statement in this manner will not be
20  permitted to object to the settlement at the Fairness Hearing and shall be foreclosed
21  from seeking review of the settlement by appeal or otherwise.

22      5.8   Each Defendant shall have the option to rescind this Settlement at their
23  sole discretion if the number of exclusion requests exceed the number that is to be
24  separately agreed upon by the parties.  In such instance, Defendants may exercise their
25  option by filing with the Court written notice of such election, with proof of service
26  on Class Counsel, no later than three days before the Fairness Hearing.

27      5.9   In accordance with the Notice Order or such other or further order of the
28  Court, Class Counsel will file a motion for final approval of the Settlement and an

873653.173311.1                                        13

1  application for attorneys' fees and costs and incentive awards for the Representative
2  Plaintiffs, and the Parties will brief the motion and application.

3      5.10  The Parties will appear at the Fairness Hearing and present their
4  arguments in support of final approval of the Settlement and entry of the proposed
5  Judgment, and Class Counsel will present their arguments in support of an award of
6  attorneys' fees and costs and incentive awards for the Representative Plaintiffs.  For
7  purposes of the Fairness Hearing and this Settlement Agreement, Defendants agree
8  that the attorneys' fees, costs, and incentive awards, as set forth in Paragraphs 3.5-3.7
9  are reasonable, and thus will not object to or oppose an award of attorneys' fees and
10 costs and incentive awards for the Representative Plaintiffs, provided the amounts
11 sought do not exceed that provided for by Paragraphs 3.5-3.7.

12     5.11  The Actions shall be stayed until the Court grants or denies final approval
13 of the Settlement.

14     5.12  This Agreement shall, if any of the Defendants individually or
15 collectively or Class Counsel elect, be null and void and shall have no further force
16 and effect with respect to any party in the Actions in the event that (i) entry of the
17 Judgment described is reversed; (ii) the Judgment is modified by the Court, or on
18 appeal, and any of the Defendants or the Representative Plaintiffs do not agree with its
19 modification; (iii) the Effective Date does not occur for any reason; or (iv) for any
20 other reason provided for in this Agreement.  In such event, this Agreement shall not
21 be offered in evidence or used in the Actions, or in any other action for any purpose
22 including, but not limited to, the existence, certification or maintenance of any
23 purported class or in connection with a trial or appeal of this matter or any other
24 matter.  In such event, this Agreement and all negotiations, proceedings, documents
25 prepared and statements made in connection with this Agreement shall be without
26 prejudice to the Parties and shall not be admissible into evidence, and shall not be
27 deemed or construed to be an admission or confession by any of the Parties of any
28 fact, matter or proposition of law, and shall not be used in any manner for any

873653.173311.1                     14
**CLASS ACTION SETTLEMENT AGREEMENT**

purpose, and all Parties to the Actions shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

## 6.    MISCELLANEOUS PROVISIONS.

6.1    The Representative Plaintiffs and Defendants expressly agree that the terms of this Agreement and all provisions hereof, including all representations, promises, agreements, covenants, and warranties, are contractual and not a mere recital and shall survive the execution of this Agreement and entry of the Judgment and shall continue in full force and effect thereunder.  All exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

6.2    This Agreement represents the entire agreement and understanding among the Parties (except as provided in paragraph 5.8) and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Agreement.  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement.  No modification or waiver of any provisions of this Agreement shall be effective unless made in writing and signed by or on behalf of the person against whom enforcement of the Agreement is sought.

6.3    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it, and all of which shall be deemed a single agreement.  Facsimile signatures shall be deemed as originals as against any Party who has signed it.

6.4    The Parties have negotiated all of the terms and conditions of this Agreement at arm's length.  None of the Parties or their respective counsel will be deemed the drafter of this Agreement or its exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its exhibits will be

1  interpreted according to its fair meaning, and will not be interpreted for or against any
2  Party as the drafter thereof.

3     6.5   The Court will retain continuing and exclusive jurisdiction over the
4  Parties and all Class Members for purposes of implementing and enforcing this
5  Agreement and the Settlement.

6     6.6   The Parties hereto warrant and represent that no promise or inducement
7  has been offered or made for the release and covenants in Paragraphs 3.9-3.11 except
8  as herein set forth, that the releases and covenants are executed without reliance on
9  any statements or any representations not contained herein, and the release and
10 covenants reflect the entire agreement among the Parties with respect to the terms of
11 the releases and covenants.

12    6.7   The Parties acknowledge and agree and specifically warrant to each other
13 that they have fully read this Agreement and the releases and covenants contained in
14 Paragraphs 3.9-3.11, received independent legal advice with respect to the advisability
15 of entering into this Agreement and those releases and covenants, and the legal effect
16 of this Agreement and the releases and covenants, and fully understand their effect.

17    6.8   Defendants and Class Counsel may agree, on behalf of the Parties and
18 subject to approval of the Court where required, to reasonable extensions of time to
19 carry out the provisions of this Agreement.   For purposes of such extensions,
20 agreement by Class Counsel is the agreement of all Representative Plaintiffs.

21    6.9   This Agreement will be binding upon and inure to the Parties' successors
22 and assigns.  This Agreement is not intended to create any third party beneficiaries
23 other than persons (including Class Members) for which a direct benefit is specifically
24 provided for hereunder.

25    6.10  In the event that any state or the federal government opts out of the
26 Settlement as a consequence of the Class Action Fairness Act notice process, or in the
27 event that any state or the federal government elects to join the Actions and amend the
28 operative complaint (collectively "state or federal notice"), Defendants collectively

1   may elect in writing to Class Counsel to proceed as if no such opt out had occurred. If

2   Defendants do not collectively make such an election within fourteen (14) days of

3   receiving a state or federal notice, then the Agreement shall be voidable at any party's

4   discretion.

5        6.11  In the event that the release and covenants contained in Paragraphs 3.9-

6   3.11 of this Agreement shall for any reason be held in whole or material part to be

7   invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or

8   unenforceability shall not affect any other provision of this Agreement if the

9   Defendants, either individually or collectively, elect in writing to Class Counsel to

10   proceed as if such invalid, illegal, or unenforceable provision had never been included

11   in this Agreement.  If no such election is made, then the Agreement shall be voidable

12   at any party's discretion.   In the event that the release and covenants contained in

13   Paragraphs 3.9-3.11 of this Agreement shall for any reason be held in whole or

14   material part to be invalid, illegal, or unenforceable in any respect, such invalidity,

15   illegality, or unenforceability shall not affect any other provision of this Agreement if

16   the Representative Plaintiffs elect, either individually or collectively, in writing to

17   proceed as if such invalid, illegal, or unenforceable provision had never been included

18   in this Agreement.  If no such election is made, then the Agreement shall be voidable

19   at any party's discretion.  If one or more of the other material provisions contained in

20   this Agreement is held to be invalid, illegal, or unenforceable, such invalidity,

21   illegality, or unenforceability will not affect other provisions if Defendants

22   collectively and the Representative Plaintiffs, on behalf of the Class, elect to proceed

23   as if such invalid, illegal, or unenforceable provision were not contained in this

24   Agreement.

25        6.12  No consideration or amount or sum paid, credited, offered, or expended

26   by Defendants in their performance of this Agreement constitutes a penalty, fine,

27   punitive damages or other form of assessment for any alleged claim against any of the

28   Defendants.

1    6.13    For purposes of this Agreement, the Parties and all counsel agree that all

2    orders and agreements regarding the confidentiality of documents and information

3    ("Protective Orders") remain in effect and all Parties and counsel remain bound to

4    comply with the provisions of those Protective Orders.    Within thirty days of the

5    Effective Date, each of the Parties agrees to use its best efforts to return or destroy all

6    documents produced in the Actions or belonging to Defendants and all copies thereof,

7    and each of the Parties' counsel will certify in writing that it used its best efforts to

8    return or destroy all documents to the producing party.

9    6.14    Nothing contained in this Settlement Agreement or any order of the

10    Court and no act required to be performed pursuant to this Settlement Agreement or

11    any order of the Court is intended to constitute, cause, or effect any waiver (in whole

12    or in part) of any attorney-client privilege, work product protection, or common

13    interest/joint defense privilege.

14    6.15    The headings and captions contained in this Agreement are for

15    convenience only and in no way define, extend, limit, describe, or affect the scope,

16    intent, meaning, or interpretation of this Agreement.

17    6.16    The Parties hereto understand, acknowledge and agree that (i) they and

18    their counsel have each performed an independent investigation of the allegations of

19    fact and law made in connection with the Actions, and (ii) they each may hereafter

20    discover facts in addition to, or different from, those that they now know or believe to

21    be true with respect to the subject matter of this Agreement.    Nevertheless, it is the

22    Parties' intention to resolve their disputes pursuant to the terms of this Agreement

23    and, thus, in furtherance of their intentions, the Agreement shall remain in full force

24    and effect notwithstanding the discovery of any additional facts or law, or changes in

25    law, and this Agreement shall not be subject to rescission or modification by reason of

26    any change or difference in facts or law.

27    6.17    Each counsel or other person executing this settlement Agreement or any

28    related document on behalf of any Party hereto hereby warrants that such person has

the full authority to do so.  Class Counsel, on behalf of the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class which Class Counsel deem appropriate.

6.18  Whenever under the terms of this Agreement, a Party is required to provide written notice to the other, such notice must be directed to the individual at the address, email address, and fax numbers specified below, unless that individual or the individual's successor gives notice to the other Party in writing of another individual or address to whom such notice should be directed:

Written notice to the Representative Plaintiffs must be given to:

> Stephen M. Garcia
> The Garcia Law Firm
> One World Trade Center, Suite 1950
> Long Beach, California  90831
> sgarcia@lawgarcia.com
> fax: (562) 216-5271

Written notice to Motorola must be given to:

> Terrence J. Dee
> Kirkland & Ellis LLP
> 200 East Randolph Drive
> Chicago, Illinois 60601
> tdee@kirkland.com
> fax: (312) 861-2200

Written notice to Plantronics must be given to:

> Michael E. Baumann
> Kirkland & Ellis LLP
> 777 South Figueroa Street, Suite 3700
> Los Angeles, CA 90017
> mbaumann@kirkland.com
> fax: (213) 680-8500

Written notice to GN Netcom must be given to:

> Angel Garganta
> Arnold & Porter LLP
> 275 Battery Street, Suite 2700
> San Francisco, CA 94111
> Angel.Garganta@aporter.com
> fax: (415) 356-3099

19

**CLASS ACTION SETTLEMENT AGREEMENT**

1    IN WITNESS HEREOF, this Class Action Settlement Agreement has been

2  executed by the undersigned as of December 29, 2008.

3

4                                          By: _____
                                               Stephen M. Garcia (SBN 123338)
5                                              David M. Medby (SBN 227401)
                                               THE GARCIA LAW FIRM
6                                              One World Trade Center, Suite 1950
                                               Long Beach, CA  90831
7                                              Telephone: (562) 216-5270
                                               Facsimile: (562) 216-5271
8
                                               Bruce L. Simon (SBN 96241)
9                                              PEARSON, SIMON, SOTER,
                                               WARSHAW & PENNY LLP
10                                             44 Montgomery Street, Suite 1430
                                               San Francisco, CA  94104-4610
11                                             Telephone: (415) 433-9000
                                               Facsimile: (415) 433-9008
12
                                               *Co-Lead Counsel for Plaintiffs and the*
13                                             *Settlement Class*

14

15   By: _____    By: _____
16       Aleksandra Spevacek                  Betsee Finlee

17

18   By: _____    By: _____
19       Betty Dumas                          Michael Jones

20

21   By: _____    By: _____
         Kimberly Ryan                        Amy Karle

22

23   By: _____    By: _____
         Lori Raines                          Evan Nass
24

25

26   By: _____
         Hayden Kirkpatrick

27

28

873653.173311.1                          20

**CLASS ACTION SETTLEMENT AGREEMENT**

1      IN WITNESS HEREOF, this Class Action Settlement Agreement has been

2 executed by the undersigned as of December 29, 2008.

3

4                            By: _____

5                                Stephen M. Garcia (SBN 123338)
                                David M. Medby (SBN 227401)

6                                THE GARCIA LAW FIRM
                                One World Trade Center, Suite 1950

7                                Long Beach, CA  90831
                                Telephone: (562) 216-5270

8                                Facsimile: (562) 216-5271

9                                Bruce L. Simon (SBN 96241)
                                PEARSON, SIMON, SOTER,

10                               WARSHAW & PENNY LLP
                              44 Montgomery Street, Suite 1430

11                               San Francisco, CA  94104-4610
                              Telephone: (415) 433-9000

12                               Facsimile: (415) 433-9008

13                               *Co-Lead Counsel for Plaintiffs and the*
                               *Settlement Class*

14

15

16 By: _____     By: _____
       Aleksandra Spevacek            Betsee Finlee

17

18 By: _____     By: _____
       Betty Dumas                 Michael Jones

19

20

21 By: _____     By: _____
       Kimberly Ryan              Amy Karle

22

23 By: _____     By: _____
       Lori Raines                Evan Nass

24

25

26 By: _____
       Hayden Kirkpatrick

27

28

1    IN WITNESS HEREOF, this Class Action Settlement Agreement has been

2  executed by the undersigned as of December 29, 2008.

3

4                                        By:_____
                                              Stephen M. Garcia (SBN 123338)
5                                             David M. Medby (SBN 227401)
                                              THE GARCIA LAW FIRM
6                                             One World Trade Center, Suite 1950
                                              Long Beach, CA  90831
7                                             Telephone: (562) 216-5270
                                              Facsimile: (562) 216-5271
8
                                              Bruce L. Simon (SBN 96241)
9                                             PEARSON, SIMON, SOTER,
                                              WARSHAW & PENNY LLP
10                                            44 Montgomery Street, Suite 1430
                                              San Francisco, CA  94104-4610
11                                            Telephone: (415) 433-9000
                                              Facsimile: (415) 433-9008
12
                                              *Co-Lead Counsel for Plaintiffs and the*
13                                            *Settlement Class*

14

15  By:_____     By:_____
16     Aleksandra Spevacek                    Betsee Finlee

17

18  By:_____     By:_____
19     Betty Dumas                           Michael Jones

20  By:_____     By:_____
21     Kimberly Ryan                         Amy Karle

22

23  By:_____     By:_____
24     Lori Raines                           Evan Nass

25

26  By:_____
       Hayden Kirkpatrick
27

28

873653.173311.1                          20
                        CLASS ACTION SETTLEMENT AGREEMENT

1    IN WITNESS HEREOF, this Class Action Settlement Agreement has been

2   executed by the undersigned as of December 29, 2008.

3

4                                          By: _____
                                               Stephen M. Garcia (SBN 123338)
5                                              David M. Medby (SBN 227401)
                                               THE GARCIA LAW FIRM
6                                              One World Trade Center, Suite 1950
                                               Long Beach, CA 90831
7                                              Telephone: (562) 216-5270
                                               Facsimile: (562) 216-5271
8
                                               Bruce L. Simon (SBN 96241)
9                                              PEARSON, SIMON, SOTER,
                                               WARSHAW & PENNY LLP
10                                             44 Montgomery Street, Suite 1430
                                               San Francisco, CA 94104-4610
11                                             Telephone: (415) 433-9000
                                               Facsimile: (415) 433-9008
12
                                               *Co-Lead Counsel for Plaintiffs and the*
13                                             *Settlement Class*

14

15   By: _____   By: _____
16      Aleksandra Spevacek           Betsee Finlee

17

18   By: _____   By: _____
19      Betty Dumas                   Michael Jones

20

21   By: _____   By: _____
        Kimberly Ryan                 Amy Karle

22

23   By: _____   By: _____
        Lori Raines                   Evan Nass

24

25

26   By: _____
        Hayden Kirkpatrick

27

28

873653.173311.1                          20

1    IN WITNESS HEREOF, this Class Action Settlement Agreement has been

2  executed by the undersigned as of December 29, 2008.

3

4                                        By: _____
                                         Stephen M. Garcia (SBN 123338)
5                                        David M. Medby (SBN 227401)
                                         THE GARCIA LAW FIRM
6                                        One World Trade Center, Suite 1950
                                         Long Beach, CA 90831
7                                        Telephone: (562) 216-5270
                                         Facsimile: (562) 216-5271
8
                                         Bruce L. Simon (SBN 96241)
9                                        PEARSON, SIMON, SOTER,
                                         WARSHAW & PENNY LLP
10                                       44 Montgomery Street, Suite 1430
                                         San Francisco, CA 94104-4610
11                                       Telephone: (415) 433-9000
                                         Facsimile: (415) 433-9008
12
                                         *Co-Lead Counsel for Plaintiffs and the*
13                                       *Settlement Class*

14

15  By: _____     By: _____
16      Aleksandra Spevacek                 Betsee Finlee

17

18  By: _____     By: _____
19      Betty Dumas                         Michael Jones

20

21  By: _____     By: _____
        Kimberly Ryan                       Amy Karle

22

23  By: _____     By: _____
24      Lori Raines                         Evan Nass

25

26  By: _____
        Hayden Kirkpatrick    1/8/09

27

28

873653.173311.1                          20
                      CLASS ACTION SETTLEMENT AGREEMENT

1        IN WITNESS HEREOF, this Class Action Settlement Agreement has been

2    executed by the undersigned as of December 29, 2008.

3

4    By: _____

5    Stephen M. Garcia (SBN 123338)
     David M. Medby (SBN 227401)

6    THE GARCIA LAW FIRM
     One World Trade Center, Suite 1950

7    Long Beach, CA 90831
     Telephone: (562) 216-5270

8    Facsimile: (562) 216-5271

9    Bruce L. Simon (SBN 96241)
     PEARSON, SIMON, SOTER,
     WARSHAW & PENNY LLP

10   44 Montgomery Street, Suite 1430
     San Francisco, CA 94104-4610

11   Telephone: (415) 433-9000
     Facsimile: (415) 433-9008

12
     *Co-Lead Counsel for Plaintiffs and the*

13   *Settlement Class*

14

15   By: _____     By: _____

16     Aleksandra Spevacek             Betsee Finlee

17

18   By: _____     By: _____

19     Betty Dumas                     Michael Jones

20

21   By: _____     By: _____

       Kimberly Ryan                   Amy Karle

22

23   By: _____     By: _____

24     Lori Raines                     Evan Nass

25

26   By: _____

       Hayden Kirkpatrick

27

28

873653.173311.1                              20

CLASS ACTION SETTLEMENT AGREEMENT

1    IN WITNESS HEREOF, this Class Action Settlement Agreement has been

2  executed by the undersigned as of December 29, 2008.

3

4                                          By: _____
                                           Stephen M. Garcia (SBN 123338)
5                                          David M. Medby (SBN 227401)
                                           THE GARCIA LAW FIRM
6                                          One World Trade Center, Suite 1950
                                           Long Beach, CA  90831
7                                          Telephone: (562) 216-5270
                                           Facsimile: (562) 216-5271
8
                                           Bruce L. Simon (SBN 96241)
9                                          PEARSON, SIMON, SOTER,
                                           WARSHAW & PENNY LLP
10                                         44 Montgomery Street, Suite 1430
                                           San Francisco, CA  94104-4610
11                                         Telephone: (415) 433-9000
                                           Facsimile: (415) 433-9008
12
                                           *Co-Lead Counsel for Plaintiffs and the*
13                                         *Settlement Class*

14

15  By: _____            By: _____
16      Aleksandra Spevacek                    Betsee Finlee

17

18  By: _____            By: _____
19      Betty Dumas                            Michael Jones

20

21  By: _____            By: _____
        Kimberly Ryan                          Amy Karle

22

23  By: _____            By: _____
24      Lori Raines                            Evan Nass

25

26  By: _____
        Hayden Kirkpatrick

27

28

873653.173311.1                     20
                    CLASS ACTION SETTLEMENT AGREEMENT

IN WITNESS HEREOF, this Class Action Settlement Agreement has been executed by the undersigned as of December 29, 2008.

By: _____
Stephen M. Garcia (SBN 123338)
David M. Medby (SBN 227401)
THE GARCIA LAW FIRM
One World Trade Center, Suite 1950
Long Beach, CA 90831
Telephone: (562) 216-5270
Facsimile: (562) 216-5271

Bruce L. Simon (SBN 96241)
PEARSON, SIMON, SOTER,
WARSHAW & PENNY LLP
44 Montgomery Street, Suite 1430
San Francisco, CA 94104-4610
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

By: _____
Aleksandra Spevacek

By: _____
Betsee Finlee

By: _____
Betty Dumas

By: _____
Michael Jones

By: _____
Kimberly Ryan

By: _____
Amy Karle

By: _____
Lori Raines

By: _____
Evan Nass

By: _____
Hayden Kirkpatrick

20

CLASS ACTION SETTLEMENT AGREEMENT

873653.173311.1

1    IN WITNESS HEREOF, this Class Action Settlement Agreement has been

2    executed by the undersigned as of December 29, 2008.

3

4                                          By:

5                                          _____
                                           Stephen M. Garcia (SBN 123338)
6                                          David M. Medby (SBN 227401)
                                           THE GARCIA LAW FIRM
7                                          One World Trade Center, Suite 1950
                                           Long Beach, CA 90831
8                                          Telephone: (562) 216-5270
                                           Facsimile: (562) 216-5271

9                                          Bruce L. Simon (SBN 96241)
                                           PEARSON, SIMON, SOTER,
10                                         WARSHAW & PENNY LLP
                                           44 Montgomery Street, Suite 1430
11                                         San Francisco, CA 94104-4610
                                           Telephone: (415) 433-9000
12                                         Facsimile: (415) 433-9008

13                                         *Co-Lead Counsel for Plaintiffs and the
                                           Settlement Class*

14

15   By:_____          By:_____
16       Aleksandra Spevacek                   Betsee Finlee

17

18   By:_____          By:_____
19       Betty Dumas                           Michael Jones

20

21   By:_____          By:_____
         Kimberly Ryan                         Amy Karle

22

23   By:_____          By:_____
24       Lori Raines                           Evan Nass

25

26   By:_____
         Hayden Kirkpatrick

27

28

873653.173311.1                          20

1

2          MOTOROLA, INC.

3          By: _____

4
           Its: Corporate Vice President, Law.
5

6

7          By: _____

8          Terrence J. Dee (IL SBN 40258)
9          Michael B. Slade (IL SBN 6274231)
           KIRKLAND & ELLIS LLP
10         200 East Randolph Drive
           Chicago, Illinois 60601
11         Telephone: (312) 861-2000
           Facsimile: (312) 861-2200
12
           *Counsel for Defendant Motorola, Inc.*
13

14         PLANTRONICS, INC.

15

16         By: _____

17
           Its: _____
18

19

20         By: _____

21         Michael E. Baumann (CA SBN 145830)
           Mark T. Cramer (CA SBN 198952)
22         KIRKLAND & ELLIS LLP
           777 South Figueroa Street, Suite 3700
23         Los Angeles, California 90017
           Telephone: (213) 680-8400
24         Facsimile: (213) 680-8500

25         *Counsel for Defendant Plantronics, Inc.*

26

27

28

873653.173311.1

1

2               MOTOROLA, INC.

3

4          By: _____

5          Its: _____

6

7

8          By: _____
             Terrence J. Dee (IL SBN 40258)

9              Michael B. Slade (IL SBN 6274231)
             KIRKLAND & ELLIS LLP

10             200 East Randolph Drive
             Chicago, Illinois 60601

11             Telephone: (312) 861-2000
             Facsimile: (312) 861-2200

12             *Counsel for Defendant Motorola, Inc.*

13

14             PLANTRONICS, INC.

15

16          By: *Ken Kauffer*

17

18          Its: PRESIDENT & CEO

19

20          By: *Mark T-Cra*

21              Michael E. Baumann (CA SBN 145830)
             Mark T. Cramer (CA SBN 198952)

22             KIRKLAND & ELLIS LLP
             777 South Figueroa Street, Suite 3700

23             Los Angeles, California 90017
             Telephone: (213) 680-8400

24             Facsimile: (213) 680-8500

25             *Counsel for Defendant Plantronics, Inc.*

26

27

28

**CLASS ACTION SETTLEMENT AGREEMENT**

1

2
GN NETCOM, INC.

3

4
By: _P. McCullagh_____

5
Its: President, GM GN Netcom, NA

6
SVP GN Netcom

7

8
By: _____
Angel A. Garganta (CA SBN 163957)

9
Trenton H. Norris (CA SBN 164781)
ARNOLD & PORTER LLP

10
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017

11
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

12

13
*Counsel for Defendant GN Netcom, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

873653.173311.1                          22

**CLASS ACTION SETTLEMENT AGREEMENT**

# EXHIBIT A

## <u>EXHIBIT A</u>

# *In Re Bluetooth Headset Products Liability Litigation*, MDL No. 1822

### LIST OF CASES

| United States District Court | Case Name and Number |
|---|---|
| E.D., Ark. | *Haley Frye v. Motorola, Inc.*, 4:06-cv-01533<br><br>*Randy Pierce v. Plantronics*, 4:07-cv-00079-JLH |
| W.D., Ark. | *Toby Stephens v. Motorola, Inc.*, 1:06-cv-01101-HFB |
| C.D., Cal. | *Michael Jones and Christopher Freeman v. Motorola, Inc.*, 2:06-cv-05182-RGK-E<br><br>*Amy Karle v. Motorola, Inc.*, 2:06-cv-06706-RGK-E<br><br>*Lori Raines v. Plantronics Inc.*, 2:06-cv-06708-PA-JC<br><br>*Betsee Finlee v. GN Jabra N. Am. and GN Netcom Inc.*, 2:06-cv-06280-DSF-FMO<br><br>*Ted Otis v. GN Jabra N. Am. and GN Netcom Inc.*, 2:06-cv-07107-DSF-FMO<br><br>*Haden Kirkpatrick v. Motorola, Inc.*, 2:07-cv-05570-DSF |
| M.D., Fla. | *Steve Edwards v. Motorola, Inc.*, 8:06-cv-01909-SDM-MSS<br><br>*Kyle Edwards v. Plantronics*, 8:06-cv-01910-SDM-TGW<br><br>*Gary Hamrick v. GN Jabra N. Am. and GN Netcom Inc.*, 8:06-cv-01911-EAG-MAP |
| N.D., Ill. | *Evan Nass (Alpert) v. Motorola, Inc.*, 1:06-cv-05586<br><br>*Aleksandra Spevacek v. Motorola, Inc.*, 1:06-cv-06428 |
| E.D., Ky. | *Kimberly Ryan v. Motorola, Inc.*, 2:06-cv-00201-DLB |
| S.D., Miss. | *Jessica Smith v. Motorola, Inc.*, 2:06-cv-00242-DCB-MTP |
| D., N.H. | *Mark Davis v. GN Jabra N. Am. and GN Netcom Inc.*, 1:06-cv-00402-JD |
| E.D., Okla. | *Jarred Swink v. Motorola, Inc.*, 6:06-cv-00456-JHP |
| W.D., Okla. | *Tom Cotrone v. Motorola, Inc.*, 5:07-cv-00001-C |
| W.D., Tenn. | *Mark Benfield v. Motorola, Inc.*, 2:06-cv-02690-SHM-dkv |

| United States District Court | Case Name and Number |
|---|---|
| E.D., Tex. | *Betty Dumas v. Motorola, Inc.*, 2:06-cv-00471-TJW<br><br>*Shannon Wars v. Plantronics*, 2:06-cv-00470-TJW<br><br>*Gary Nell Hilton v. GN Jabra N. Am. and GN Netcom Inc.*, 2:06-cv-00474-TJW |
| E.D., Va. | *Mark Klinefelter v. Motorola, Inc.*, 2:07-cv-11<br><br>*Ralph Cook v. Plantronics*, 2:07-cv-12<br><br>*Gary Howard Litt v. GN Jabra North America and GN Netcom Inc.*, 2:07-cv-13 |
| S.D., W. Va. | *Paul Roop II v. Motorola, Inc.*, 5:07-CV-0007 |

2

# EXHIBIT B

000027

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Bluetooth Headset Products<br>Liability Litigation | Case No. 2:07-ML-1822-DSF-E<br><br>**[PROPOSED] ORDER<br>PRELIMINARILY APPROVING<br>SETTLEMENT AND PROVIDING<br>FOR NOTICE**<br><br>**Judge:  Hon. Dale S. Fischer<br>Dept.:  840** |

[PROPOSED] ORDER PRELIMINARY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1    WHEREAS, the Court is currently presiding over *In re Bluetooth Headset*
2  *Product Liability Litigation,* MDL No. 1822 (the "MDL Cases"), all cases coordinated
3  within MDL 1822, and *Kirkpatrick v. Motorola,* 07-5570 (DSF) (C.D. Cal. filed Aug.
4  24, 2007) ("*Kirkpatrick*" and with the MDL Cases, the "Actions");

5    WHEREAS, the Representative Plaintiffs (namely Lori Raines, Betsee Finlee,
6  Michael Jones, Amy Karle, Evan Nass, Aleksandra Spevacek, Betty Dumas, Kimberly
7  Ryan, and Hayden Kirkpatrick) and Defendants Motorola, Inc.; Plantronics, Inc.; and
8  GN Netcom, Inc. (collectively "Defendants") have entered into a Settlement of the
9  claims asserted in the Actions, the terms of which are set forth in the Class Action
10 Settlement Agreement dated December 29, 2008, and the exhibits attached thereto
11 (collectively, the "Settlement Agreement");

12    WHEREAS, the Court, having read and considered the Settlement Agreement,
13 including the proposed Class Notice, Summary Notice, the Notice Plan as set forth in
14 the Affidavit of Kathleen Kinsella, and the Final Judgment and Order, finds that
15 substantial and sufficient grounds exist for entering this Notice Order; and

16    WHEREAS, the Court, for purposes of this Notice Order, adopts all defined
17 terms set forth in the Settlement Agreement, with any inconsistencies between the
18 Settlement Agreement and the Notice Order to be controlled by the language of the
19 Settlement Agreement;

20    NOW, THEREFORE, IT IS HEREBY ORDERED:

21    1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for
22 settlement purposes only, the Court provisionally certifies a Settlement Class
23 consisting of all persons or entities in the United States who, between June 30, 2002
24 and the date of entry of this Notice Order, purchased a Bluetooth Headset
25 manufactured by Motorola, Plantronics or GN.    Excluded from the Class are: (a) the
26 Defendants and their parents, subsidiaries, and affiliates, current and former directors
27 and officers; (b) any entity in which any of the Defendants has a controlling interest;
28 (c) any successor or assign of any of the Defendants; (d) any person who has validly

EXHIBIT B                                    000029

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

1 | elected to exclude themselves from the Settlement Class pursuant to Paragraph 11
2 | herein; and (e) the Judge to whom the Actions are assigned.  If the Settlement does not
3 | become Final for any reason, the Parties shall be restored to their respective positions
4 | in the litigation and shall proceed in all respects as if this certification and the
5 | Settlement Agreement had not been executed.

6 | 2.  For purposes of administration of the Settlement only, the Court appoints
7 | the following as Class Counsel: Bruce L. Simon, Esq. and Clifford H. Pearson, Esq.,
8 | Pearson, Simon, Soter, Warshaw & Penny, LLP, 44 Montgomery Street, Suite 1430,
9 | San Francisco, CA 94104; Stephen M. Garcia, Esq., The Garcia Law Firm, One
10 | World Trade Center, Suite 1950, Long Beach, CA  90831; Melissa M. Harnett,
11 | Wasserman, Comden & Casselman, L.L.P., 5567 Reseda Boulevard, Suite 330,
12 | Tarzana, California 91357; Steven A. Hart, Segal McCambridge Singer & Mahoney,
13 | 330 N. Wabash Suite 200, Chicago, IL 60611; Michael Fuller, McHugh Fuller Law
14 | Group, 97 Elias Whiddon Road, Hattiesburg, MS 39402; Jack T. Patterson, II, Patton
15 | Roberts McWilliams & Capshaw, 111 Center Street, Ste. 1315, Little Rock, AR
16 | 72201; and Michael Kelly, Kirtland & Packard, 2361 Rosecrans Ave., 4th Floor, El
17 | Segundo, CA 90245.

18 | 3.  As Class Liaison Counsel, the Court appoints Stephen M. Garcia, Esq.,
19 | The Garcia Law Firm, One World Trade Center, Suite 1950, Long Beach, CA  90831.

20 | 4.  As liaison counsel for the Defendants, the Court appoints: Terrence J.
21 | Dee, Kirkland & Ellis, LLP, 200 E. Randolph St., Suite 5900, Chicago, IL 60601.

22 | 5.  The Court preliminarily approves the Settlement of these Actions on the
23 | terms and conditions set forth in the Settlement Agreement as being sufficiently fair,
24 | reasonable, and adequate to warrant sending notice of the proposed Settlement to
25 | Class Members and further consideration of the Settlement at the Fairness Hearing
26 | described below.

27 | 6.  A hearing will be held on July 6, 2009 at 1:30 p.m., at the United States
28 | District Court for the Central District of California, Roybal Federal Building,

1   Courtroom 840, 255 East Temple St., Los Angeles, CA 90012 (the "Fairness
2   Hearing"), for the Court to consider: (a) whether to make final its certification of the
3   Class for purposes of the Settlement; (b) whether to grant final approval of the
4   Settlement as fair, reasonable, and adequate for the Class as a whole; (c) whether to
5   grant Class Counsel's application for attorneys' fees and costs and the Representative
6   Plaintiffs' incentive award and, if so, in what amounts; and (d) any related matters as
7   appropriate.  The court may adjourn the Fairness Hearing without further notice to
8   Class Members.

9        7.      The Court approves the form, substance, and requirements of the Class
10  Notice and Summary Notice (collectively, the "Notices") attached hereto as Exhibits
11  B-1 and B-2 respectively, and finds that the procedures established for publication,
12  mailing, and distribution of the Notices substantially in the manner and form set forth
13  in Paragraph 8 of this Notice Order constitute the best notice practicable, are
14  reasonably calculated (under the circumstances) to apprise Class Members of their
15  right to object to or exclude themselves from the proposed Settlement, are reasonable
16  and constitute due, adequate, and sufficient notice to all persons entitled to receive
17  notice, and meet all applicable requirements of the Federal Rules of Civil Procedure
18  (including Rules 23(c), (d), (e) and (h)), the United States Constitution (including the
19  Due Process Clause), the Rules of this Court, and any other applicable law.

20       8.      Pursuant to Rule 53(b) of the Federal Rules of Civil Procedure, the Court
21  appoints  Kinsella/Novak  Communications,  LLC  and  Rust  Consulting,  Inc.
22  (collectively, the "Settlement Administrator") to supervise and administer the notice
23  procedure as well as the processing of requests for exclusion as more fully set forth
24  below:

25            a.  *Mailed Notice.*  Within 100 days of the entry of this Notice Order, the
26                Settlement Administrator will cause to be sent by first class mail, postage
27                prepaid, a copy of the Class Notice substantially in the form attached as
28                Exhibit B-1, to the last known address of all potential Class Members

EXHIBIT 3                                           000031
**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

1   who can be identified with reasonable effort.  If the Class Notice directed
2   to any Class Member is returned as undeliverable, the Settlement
3   Administrator is not required to take any further steps to locate the Class
4   Member.

5   b.   *Published Notice.*  Within 100 days of the entry of this Notice Order, the
6   Settlement Administrator will cause to be published a Summary Notice,
7   substantially in the form attached as Exhibit B-2, in one or more national
8   and/or local newspapers, magazines, or other media (collectively, the
9   "Publications").    The Publication(s) selected shall be reasonably
10   calculated to reach at least 80% of Bluetooth Headset users or a
11   reasonably comparable group of consumers.

12   c.   *Settlement Website.*   The Settlement Administrator will maintain an
13   Internet website that shall include, at a minimum, downloadable copies of
14   the Class Notice and the Settlement Agreement.

15   d.   The Settlement Administrator shall make available to Class Members,
16   upon request received by mail at the mailing address identified in the
17   Summary Notice, copies of the Class Notice and the Settlement
18   Agreement.

19   e.   The Settlement Administrator may communicate with the Parties as
20   necessary, shall proceed with reasonable diligence, and shall take all
21   appropriate measures to effectuate the terms of this Notice Order and the
22   Settlement Agreement.   The Settlement Administrator shall retain all
23   requests for exclusion and written objections until further order of the
24   Court.

25   f.   Defendants and Class Counsel will work together with, among others, the
26   Settlement Administrator to disseminate the Class Notice in accordance
27   with this Notice Order.

28   g.   No later than the day the motion for final approval of the Settlement is to

1   be filed according to Paragraph 15 of this Notice Order, the Settlement
2   Administrator or such other appropriate person or entity, among others,
3   will file an affidavit or declaration attesting that notice to the Class was
4   disseminated in accordance with this Notice Order.

5   h. The Settlement Administrator's costs and fees shall be paid by
6   Defendants as provided in the Settlement Agreement.

7   9.   Any Class Member may enter an appearance in the Action, individually
8   or through counsel of their own choice, at their own expense.  If they do not enter an
9   appearance, they will be represented by Class Counsel.

10   10.   Pending final determination of whether the Settlement should be
11   approved, neither the Representative Plaintiffs nor any other Class Member, either
12   directly, representatively, or in any other capacity, shall institute, cause to be
13   instituted, assist in instituting or permit to be instituted on his or her behalf any
14   proceeding in any state or federal court, in or before any administrative agency, or any
15   other proceeding or otherwise allege or assert any of the Settled Claims against the
16   Released Parties, individually or collectively.

17   11.   Any Class Member may request exclusion from the Class.  Any Class
18   Member seeking exclusion from the Class must use the following procedure: (a) any
19   Class Member who would like to request exclusion from the Class must make the
20   request in a writing, mailed or sent via facsimile to the Settlement Administrator at the
21   address set forth in the Class Notice, that includes the Class Member's full name,
22   mailing address, telephone number, and a statement substantially similar to the
23   following: "I request to be excluded from the Settlement Class in In re Bluetooth
24   Headset Litigation" (b) requests for exclusion must be received no later than June 9,
25   2009; and (c) no Class Member may request exclusion on behalf of any subclass of
26   the Class.  The Parties and the Parties' Counsel shall use the information in the
27   exclusion requests only for purposes of determining and/or establishing whether a
28   Person has timely and properly opted out of the Settlement Class.

12.   Any Class Member may present written objections explaining why the settlement should not be approved as fair, reasonable, or adequate, or why attorneys fees, costs, and expenses should not be determined and awarded to Class Counsel. Any Class Member seeking to present a written objection must use the following procedure:  (a) written objections, including the objector's full name, address, and telephone number, and, if applicable, the name, address, and telephone number of the objector's attorney, along with all reasons for objecting to the settlement and any supporting papers, materials, or briefs, must be filed with the Court  (Clerk of the Court, United States District Court Central District of California, 312 N. Spring St., Attn.: Room G-19, Pro Se Unit, Los Angeles, CA 90012) and must be mailed to the Settlement Administrator at the address listed in the Class Notice; (b) any such objections must be received no later than June 9, 2009; and (c) any such objections must comply with all filing rules of the United States District Court for the Central District of California, including electronic filing rules if applicable, and failure to follow such filing rules shall constitute non-compliance with the rules governing objections, such that the objection will be deemed invalid.

13.   Any Class Member may appear at the Fairness Hearing to present objections explaining why the settlement should not be approved as fair, reasonable, or adequate, or why attorneys fees, costs, and expenses should not be determined and awarded to Class Counsel.   Any Class Member seeking to appear at the Fairness Hearing must use the following procedure: (a) a Class Member intending to appear at the Fairness Hearing must file a written statement with the Court that complies with the Court's filing rules, including electronic filing rules if applicable, and serve that statement by hand delivery, first-class mail, or facsimile on liaison Class Counsel and liaison counsel for Defendants; (b) the written statement must include (i) a statement of written objections, including the objector's full name, address, and telephone number, and, if applicable, the name, address, and telephone number of the objector's attorney; (ii)  copies of any papers, materials, or briefs in support of the statement of

1  written objections, and (iii) notice of intent to appear at the Fairness Hearing; (c) any

2  such statement must be filed and served no later than June 9, 2009; and (d) any Class

3  Member who does not file and serve a statement in this manner will not be permitted

4  to object to the settlement at the Fairness Hearing and shall be foreclosed from

5  seeking review of the settlement by appeal or otherwise.

6      14.    Unless the Court otherwise directs, no member of the Class or other

7  person shall be entitled to object to the Settlement, the Settlement Agreement, Class

8  Counsel's application for attorneys' fees, costs, and expenses, or otherwise be heard,

9  except by filing and serving written objections as described above.  Any person who

10  does not object in the manner prescribed above shall be deemed to have waived such

11  objection in this or any other action or proceeding and shall be bound by all of the

12  terms and provisions of the Settlement Agreement, and by all proceedings, rulings,

13  orders, and judgments in this Action.

14      15.    All papers in support of the Settlement, and/or Class Counsel's

15  application for attorneys fees, costs, and expenses shall be filed and served no later

16  than fourteen (14) days prior to the Fairness Hearing.

17      16.    At or after the Fairness Hearing, the Court shall determine whether the

18  Class Counsel's application for attorneys fees, costs, and expenses shall be approved.

19      17.    Neither the Settlement Agreement, nor any of its terms or provisions, nor

20  any of the negotiations or proceedings connected with it, shall be construed as an

21  admission or concession by Defendants of the truth of any of the allegations in the

22  Actions, of any liability, fault, or wrongdoing of any kind.

23      18.    The Court expressly reserves the right to adjourn the Fairness Hearing

24  from time to time without any further notice to Class Members.   The Court may

25  approve the Settlement Agreement, with such modifications as may be agreed to by

26  the Parties, if appropriate, without further notice to the Class.

27      19.    The Court will retain continuing and exclusive jurisdiction over the

28  Parties and all Class Members for purposes of implementing and enforcing this

1   Agreement and the Settlement.

2

3   DATED: _____, 2009  By:

4                                    _____
                                     DALE S. FISCHER
                                     United States District Judge

5

6

7

8

9

10  Submitted by:

11

12  _____

13  BRUCE L. SIMON (Bar No. 96241)
       bsimon@psswplaw.com
14  ESTHER L. KLISURA (Bar No. 221171)
       eklisura@psswplaw.com
15  **PEARSON, SIMON, SOTER,**
    **WARSHAW & PENNY, LLP**
16  44 Montgomery Street, Suite 1200
    San Francisco, California 94104
17  Telephone: (415) 433-9000
    Facsimile:  (415) 433-9008

18  Co-Lead Class Counsel for Plaintiffs
    and the Putative Class

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

# EXHIBIT B-1

000037

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

# If you bought a Bluetooth headset, the settlement of a class action lawsuit may affect your rights.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- A settlement has been proposed in a class action lawsuit involving Bluetooth headsets ("Proposed Settlement") manufactured by Motorola, Inc.; Plantronics, Inc.; or GN Netcom, Inc. / "Jabra" (collectively, the "Defendants").

- The Proposed Settlement resolves claims in a class action lawsuit that Bluetooth headsets manufactured by Defendants create a risk of hearing loss and that Defendants acted wrongfully when they did not warn consumers of that risk (if it exists).  The Defendants deny their Bluetooth headsets are unsafe or that they did anything wrong.  Defendants are settling only to avoid the risk and expense of trial.

- If the Proposed Settlement is approved, Defendants will add acoustic safety information to their websites and product manuals included with new Bluetooth headsets.  Defendants will also donate $100,000 to non-profit organizations that focus on preventing hearing loss.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT: | |
|---|---|
| **ASK TO BE EXCLUDED** | You will keep the right to sue, or continue to sue, the Defendants about the claims resolved by this Proposed Settlement. |
| **OBJECT** | Write to the Court about why you don't like the Proposed Settlement, or any part of it. |
| **GO TO A HEARING** | Ask to speak in Court about an objection. |
| **DO NOTHING** | You will be included in the Proposed Settlement.  You give up the right to sue, or continue to sue, Defendants about the claims that are resolved by this Proposed Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.  Please read it carefully.

- The Court in charge of this case still has to decide whether to approve the Proposed Settlement.

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information**...........................................................................................................**3**
    1.    Why was this notice issued?.................................................................3
    2.    What is the lawsuit about?....................................................................3
    3.    Why is this a class action?...................................................................3
    4.    Why is there a Proposed Settlement?....................................................4

**Who is in the Proposed Settlement**............................................................................**4**
    5.    How do I know if I am part of the Proposed Settlement?.......................4
    6.    Are there exceptions to being included?................................................4
    7.    What if I am not sure whether I am included in the Proposed Settlement?............4

**The Proposed Settlement Benefits**..............................................................................**4**
    8.    What does the Proposed Settlement provide?........................................4
    9.    Tell me more about the warnings regarding hearing loss that Defendants
          will provide.........................................................................................5
    10.   What does the Proposed Settlement give to charity?..............................5
    11.   Can I get a cash payment from the Proposed Settlement?......................5
    12.   What am I giving up as part of the Proposed Settlement?.......................5

**Excluding Yourself From the Proposed Settlement** ..................................................**6**
    13.   How do I get out of the Proposed Settlement? .....................................6
    14.   If I don't exclude myself, can I sue Defendants for the same thing later? .............6

**The Lawyers Representing You** ..................................................................................**6**
    15.   Do I have a lawyer in the case? ...........................................................6
    16.   How will the costs of the lawsuit and Proposed Settlement be paid?......................7

**Objecting to the Proposed Settlement**.......................................................................**7**
    17.   How do I tell the Court I don't like the Proposed Settlement?...............7
    18.   What's the difference between objecting and asking to be excluded? ..................8

**The Court's Fairness Hearing** ...................................................................................**8**
    19.   When and where will the Court decide whether to approve the Proposed
          Settlement?.........................................................................................8
    20.   Do I have to come to the hearing? .......................................................9
    21.   May I speak at the hearing? .................................................................9

**If You Do Nothing**....................................................................................................**10**
    22.   What happens if I do nothing at all? ...................................................10

**Getting More Information** .......................................................................................**10**
    23.   How do I get more information?..........................................................10

# BASIC INFORMATION

| | |
|---|---|
| **1.** | **Why was this notice issued?** |

A court authorized this notice because you have a right to know about a Proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Proposed Settlement.  This notice explains the lawsuit, the Proposed Settlement, your legal rights, what benefits will be provided, and who will receive them.

Judge Dale S. Fischer of the United States District Court, Central District of California, is overseeing this case.  The case is known as *In re Bluetooth Headset Product Liability Litigation*, case number 07-ML-1822, MDL 1822.  The people who sued are called the Plaintiffs.  The companies they are suing, Motorola, Inc.; Plantronics, Inc.; and GN Netcom, Inc. / "Jabra", are called the Defendants.

| | |
|---|---|
| **2.** | **What is the lawsuit about?** |

The lawsuit is about whether Bluetooth headsets have the potential to cause noise induced hearing loss, whether Defendants should have warned consumers of that risk (if it exists), and whether consumers were misled into buying Bluetooth headsets and paying more than they would have if they knew about the alleged risk.

Specifically, Plaintiffs seek economic damages based on the alleged risk of noise induced hearing loss, which Plaintiffs define as "the slow loss of hearing caused by unsafe levels of noise."  Plaintiffs allege that by not warning consumers about the purported risk, Defendants violated California's Unfair Competition Law (Bus. & Prof. Code §§ 17200-17209), False Advertising Law (Bus. & Prof. Code §§ 17500-17536), and Consumers Legal Remedies Act (Civ. Code §§ 1750-1784) as well as Illinois's Deceptive Trade Practices Act (815 ILCS 510) and Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505).

Defendants deny all of these claims, deny that Bluetooth headsets are unsafe, and maintain that they did not act wrongfully or unlawfully.

| | |
|---|---|
| **3.** | **Why is this a class action?** |

In a class action, one or more people called "class representatives" (in this case Lori Raines, Betsee Finlee, Michael Jones, Amy Karle, Evan Nass, Aleksandra Spevacek, Betty Dumas, Kimberly Ryan, and Hayden Kirkpatrick) sue on behalf of people who have similar claims.  All of these people or entities are a "class" or "class members."  One court resolves the issues for all Class Members, except for those who exclude themselves from the class.

| **4.**     **Why is there a Proposed Settlement?** |
|---|

The Court has not decided who is correct.  Both sides agreed to the Proposed Settlement in order to avoid the cost and risk of a trial.  The Proposed Settlement does not mean that any law was violated or that the Defendants did anything wrong.  The Defendants deny that they did anything wrong or unlawful.  The Class Representatives and their lawyers think the Proposed Settlement is best for all Class Members.

## WHO IS IN THE PROPOSED SETTLEMENT

To see if your rights will be affected by this Proposed Settlement, you first have to determine if you are a Class Member.

| **5.**     **How do I know if I am part of the Proposed Settlement?** |
|---|

The Proposed Settlement includes all persons or entities in the United States who, between June 30, 2002 and **[date of entry of the Notice Order]**, purchased a Bluetooth headset manufactured by Motorola, Plantronics or GN / "Jabra".

| **6.**     **Are there exceptions to being included?** |
|---|

The Proposed Settlement does not include: (a) the Defendants and their parents, subsidiaries, and affiliates, current and former directors and officers; (b) any entity in which any of the Defendants has a controlling interest; (c) any successor or assign of any of the Defendants; (d) any person who has validly elected to exclude themselves from the Proposed Settlement; and (e) the judge assigned to this case.

| **7.**     **What if I am not sure whether I am included in the Proposed Settlement?** |
|---|

If you are not sure whether you are included in the Class, or you have questions about the Proposed Settlement, call 1-888-952-9087 or go to www.BluetoothHeadsetLitigation.com.

## THE PROPOSED SETTLEMENT BENEFITS

| **8.**     **What does the Proposed Settlement provide?** |
|---|

Defendants will add warnings about hearing loss to their websites and add additional information about acoustic safety to the product manuals included with new Bluetooth headsets (*see* Question 9).  Defendants will also donate $100,000 to non-profit organizations (*see* Question 10).

Defendants will pay certain of Class Counsel's attorneys' fees and documented expenses, make payments to the Class Representatives, and pay the costs of notice and administration of this

4

Proposed Settlement (*see* Question 16). These payments will not reduce the amount Defendants will donate to charity.

More details are in a document called the Settlement Agreement, which is available at www.BluetoothHeadsetLitigation.com.

| 9. | Tell me more about the warnings regarding hearing loss that Defendants will provide. |
|---|---|

Defendants will add acoustic safety information to their websites and to the product manuals included with new Bluetooth headsets. The acoustic safety information will be available at the following websites:

- Motorola: www.motorola.com/hearingsafety

- Plantronics: www.plantronics.com/healthandsafety

- GN / "Jabra": www.jabra.com/Sites/Jabra/Na-us/pages/Safety.aspx

| 10. | What does the Proposed Settlement give to charity? |
|---|---|

Defendants will donate $100,000 to one or more non-profit organizations that focus on preventing hearing loss. The non-profit organizations will be chosen by Defendants and the attorneys for the Class, subject to approval by the Court.

| 11. | Can I get a cash payment from the Proposed Settlement? |
|---|---|

No. It is not practical or economical to provide benefits directly to individual Class Members because the Class is very large and the amount each Class Member would receive is very small. Therefore, the Class Representatives, the attorneys for the Class, and the Defendants agree that the cost of distributing any kind of benefit directly to Class Members would consume too much of the Proposed Settlement benefits. Instead, they believe that providing funding to non-profit organizations that focus on preventing hearing loss will indirectly benefit all Class Members.

| 12. | What am I giving up as part of the Proposed Settlement? |
|---|---|

If you do nothing, you will stay in the Class. That means you cannot sue Defendants over the claims settled in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you stay in the Class, you will agree to "release" Defendants as described in paragraphs 3.9–3.10 of the Settlement Agreement, which is available at www.BluetoothHeadsetLitigation.com. The released claims do not include claims for personal injury.

5

The Settlement Agreement specifically describes the released claims in necessarily accurate legal terminology, so read it carefully.  Talk to Class Counsel (*see* the section on "The Lawyers Representing You") or your own lawyer if you have questions about the released claims or what they mean.

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you want to keep your right to sue or continue to sue Defendants over the legal issues in this case, you must take steps to get out of the Proposed Settlement.  This is called asking to be excluded from—or "opting out" of—the Class.

| 13. | How do I get out of the Proposed Settlement? |
|-----|----------------------------------------------|

To exclude yourself from the Proposed Settlement, you must send a letter by mail or facsimile, saying that you want to be excluded from the Class in *In re Bluetooth Headset Litigation.*   You must include your full name, mailing address, telephone number, and a statement similar to the following: "I request to be excluded from the Class in *In re Bluetooth Headset Litigation*."  Your request for exclusion must be mailed or otherwise delivered to the following address such that it is *received* **by June 9, 2009:**

> Bluetooth Class Action Settlement Administrator
> P.O. Box 1158
> Minneapolis,  MN 55440-1158
> Facsimile: 1-866-801-0476

You cannot exclude yourself on the phone, by email, or at the website.  You cannot request exclusion on behalf of any subclass.

| 14. | If I don't exclude myself, can I sue Defendants for the same thing later? |
|-----|---------------------------------------------------------------------------|

No.  Unless you exclude yourself, you give up the right to sue Defendants for the claims that this Proposed Settlement resolves.  You must exclude yourself from *this* Class to start or continue your own lawsuit.  Remember, the exclusion deadline is **June 9, 2009.**

## THE LAWYERS REPRESENTING YOU

| 15. | Do I have a lawyer in the case? |
|-----|----------------------------------|

The Court has designated the following law firms to represent you as "Class Counsel" in this case:

- Bruce L. Simon, Esq. and Clifford H. Pearson, Esq., Pearson, Simon, Soter, Warshaw & Penny, LLP, 44 Montgomery Street, Suite 1430, San Francisco, CA 94104;

6

- Stephen M. Garcia, Esq., The Garcia Law Firm, One World Trade Center, Suite 1950, Long Beach, CA 90831;

- Melissa M. Harnett, Wasserman, Comden & Casselman, L.L.P., 5567 Reseda Boulevard, Suite 330, Tarzana, CA 91357;

- Steven A. Hart, Segal McCambridge Singer & Mahoney, 330 N. Wabash Suite 200, Chicago, IL 60611;

- Michael Fuller, McHugh Fuller Law Group, 97 Elias Whiddon Road, Hattiesburg, MS 39402;

- Jack T. Patterson, II, Patton Roberts McWilliams & Capshaw, 111 Center Street, Ste. 1315, Little Rock, AR 72201; and

- Michael Kelly, Kirtland & Packard, 2361 Rosecrans Ave., 4th Floor, El Segundo, CA 90245.

You will not be charged for these lawyers.  If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

| 16. | How will the costs of the lawsuit and Proposed Settlement be paid? |
|---|---|

Class Counsel will ask the court for up to $800,000 in attorneys' fees and up to $38,000 for reimbursement of documented expenses.  Class Counsel will also request up to $12,000 total for the Class Representatives, who helped the lawyers on behalf of the whole Class.  The Court may award less than these amounts.  Defendants will separately pay the fees and expenses the Court orders.  These payments will not reduce the amount Defendants will donate to charity.

Defendants will also separately pay the costs to provide notice to the Class and administer the Proposed Settlement, up to $1.2 million.  If those costs are less than $1.2 million, Class Counsel may request reimbursement for additional documented expenses up to $12,000, which Defendants will pay upon approval by the Court.   Additional details can be found in the Settlement Agreement, which is available at www.BluetoothHeadsetLitigation.com.

## OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court if you don't like the Proposed Settlement or some part of it.

| 17. | How do I tell the Court I don't like the Proposed Settlement? |
|---|---|

You can comment on the Proposed Settlement if you don't like some part of it.  The Court will consider your views.  To do so, you must send a written objection in the case *In re Bluetooth Headset Product Liability Litigation*, No. 07-ML-1822, MDL 1822.   Be sure to include your full name, address, and telephone number, and, if applicable, the name, address, and telephone

7

number of your attorney.   You must also include any legal support you wish to bring to the Court's attention and any evidence you wish to introduce in support of your objection.

Your objection must comply with all filing rules of the United States District Court for the Central District of California, including electronic filing rules if applicable.  The Court's rules are available at www.cacd.uscourts.gov.  Failure to follow the Court's filing rules constitutes noncompliance with the rules governing objections, and the objection may be deemed invalid.

You objection must be mailed or otherwise delivered to each of the following addresses so that it is *received by* **June 9, 2009**:

| Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>United States District Court<br>  Central District of California<br>312 N. Spring St.<br>Attn.: Room G-19, Pro Se Unit<br>Los Angeles, CA 90012 | Bluetooth Class Action<br>  Settlement Administrator<br>P.O. Box 1158<br>Minneapolis, MN 55440-1158 |

<u>Filing a written objection with the Court is the only permissible way to contact the Court.</u>

---

**18.     What's the difference between objecting and asking to be excluded?**

---

Objecting is simply telling the Court that you don't like something about the Proposed Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

---

**19.     When and where will the Court decide whether to approve the Proposed Settlement?**

---

Judge Fischer will hold a Fairness Hearing at 1:30 p.m. on July 6, 2009, at the United States District Court for the Central District of California, Roybal Federal Building, Courtroom 840, 255 East Temple St., Los Angeles, CA 90012.   At the Fairness Hearing, the Court will consider whether the Proposed Settlement is fair, reasonable, and adequate and should be granted final approval.  The Court will also consider Class Counsel's request for attorneys' fees, costs, expenses, and payment to Class Representatives.  If there are objections, the Court will consider them.

The Fairness Hearing may be moved to a different date, extended, or moved to a different Courtroom without additional notice so it is recommended that you periodically check www.BluetoothHeadsetLitigation.com for updated information.

8

| 20. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No.  Class Counsel will answer any questions the Court may have.  However, you are welcome to attend the hearing at your own expense.  If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it.  As long as you mailed your written objection on time and according to the Court's rules, the Court will consider it.  You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.  See Question 17 for more information.

| 21. | May I speak at the hearing? |
|-----|-----------------------------|

To speak at the Fairness Hearing, you must send a letter or some other written document saying that the letter or document is your "Notice of Intention to Appear" at the Fairness Hearing in *In re Bluetooth Headset Product Liability Litigation*, No. 07-ML-1822, MDL 1822.

Be sure to include your full name, address, and telephone number, and, if applicable, the name, address, and telephone number of your attorney.   You must also include a statement of written objections that includes information about what you intend to say at the hearing and copies of any papers, materials, or briefs in support of the statement of written objections.

Your "Notice of Intention to Appear" must comply with all filing rules of the United States District Court for the Central District of California, including electronic filing rules, if applicable.  The Court's rules are available at www.cacd.uscourts.gov.  You must file your "Notice of Intention to Appear" with the Court and serve copies on Class Counsel and Defendants' Counsel at the addresses listed below.  Your "Notice of Intention to Appear" must be *received by* **June 9, 2009.**  If you do not file and serve a "Notice of Intention to Appear" in this manner, you will not be permitted to object to the Proposed Settlement at the Fairness Hearing and you will not be able to seek review of the Proposed Settlement by appeal or otherwise.  The Court will decide if you will be allowed to speak at the Fairness Hearing.

| Court | Class Liaison Counsel | Defendants' Liaison Counsel |
|-------|----------------------|----------------------------|
| Clerk of the Court | Stephen M. Garcia | Terrence J. Dee |
| United States District Court | THE GARCIA LAW FIRM | KIRKLAND & ELLIS, LLP |
| Central District of California | One World Trade Center | 200 E. Randolph St. |
| 312 N. Spring St. | Suite 1950 | Suite 5900 |
| Attn.: Room G-19, Pro Se Unit | Long Beach, CA 90831 | Chicago, IL 60618 |
| Los Angeles, CA 90012 | | |

9

## IF YOU DO NOTHING

| 22. | What happens if I do nothing at all? |
|---|---|

You have the right to do nothing.  If you do nothing, you will remain a part of the Class and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims in this case, ever again.

## GETTING MORE INFORMATION

| 23. | How do I get more information? |
|---|---|

This notice summarizes the Proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.BluetoothHeadsetLitigation.com.  You may also call 1-888-952-9087 or write to Bluetooth Class Action Settlement Administrator, P.O. Box 1158, Minneapolis, MN 55440-1158.

# EXHIBIT B-2

000048

# If You Purchased a Bluetooth Headset Manufactured by Motorola, Plantronics or GN Netcom / Jabra,

## A Proposed Class Action Settlement May Affect Your Rights.

A Proposed Settlement has been reached in a class action lawsuit involving Bluetooth headsets manufactured by Motorola, Inc.; Plantronics, Inc.; or GN Netcom, Inc. / Jabra ("Defendants").

### What Is the Lawsuit About?

The lawsuit claims that Bluetooth headsets manufactured by Defendants create a risk of hearing loss and that Defendants acted wrongfully when they did not warn consumers of the alleged risk. Plaintiffs claim that consumers were misled into buying Bluetooth headsets and paying more than they would have if they knew about the alleged risk. Defendants deny their headsets are unsafe or that they did anything wrong but have agreed to settle the case to avoid the cost of a trial.

### Am I a Member of the Class?

You are a member of the class if you purchased a Bluetooth headset manufactured by Motorola, Plantronics or GN / Jabra in the United States from June 30, 2002 through Month Date Year.

### What Does the Settlement Provide?

There will be no monetary recovery for Class Members. It is not practical to provide benefits directly to individual Class Members because the Class is very large and the amount each Class Member would receive is very small.

However, Defendants will add acoustic safety information to their websites and to the product manuals included with new Bluetooth headsets. Defendants will also donate $100,000 to one or more non-profit organizations that focus on preventing hearing loss.

### What Are My Options?

- **Do nothing**. If you wish to stay in the Class, you do not need to take any action.

- **Exclude yourself**. You will keep your right to sue, or continue to sue, the Defendants about the claims resolved by this Proposed Settlement. Your written request for exclusion must be received by **June 9, 2009.**

- **Object or comment on the Proposed Settlement**. If you remain a member of the Class, you may write to the Court about why you don't like the Proposed Settlement or any part of it. You may also request in writing to appear in Court. Your written objection or request for appearance must be received by **June 9, 2009.**

The Court has appointed Counsel to represent everyone in the Class. Counsel will seek an Order from the Court awarding them up to $800,000 in attorneys' fees and up to $50,000 in costs. The Defendants will pay Counsel; there is no cost to you. You can also hire your own attorney at your own cost, if you wish.

The Court will decide whether to approve the Proposed Settlement and Counsel's motion for attorneys' fees and costs at a Fairness Hearing on **July 6, 2009 at 1:30 p.m.** at the United States District Court for the Central District of California, Roybal Federal Building, Courtroom 840, 255 East Temple St., Los Angeles, CA 90012.

**This is only a summary of the Proposed Settlement. For complete information:**

**Visit: www.BluetoothHeadsetLitigation.com**

**Call: 1-888-952-9087**

**Or Write: Bluetooth Class Action Settlement Administrator
PO Box 1158, Minneapolis, MN 55440-1158**

EXHIBIT B-2   000049

# EXHIBIT C

000050

**Motorola, Inc.**

## ACOUSTIC SAFETY

The use of headsets with mobile phones has become increasingly popular with customers, particularly those who use the MP3 feature of their phone to listen to music and with gamers. We, therefore, created this website in order to provide customers with best practices for using their headsets.

## SOUND LEVEL WARNING

/!\ **WARNING:** Exposure to loud noises from any source for extended periods of time may temporarily or permanently affect your hearing. The louder the volume sound level, the less time is required before your hearing could be affected. Hearing damage from loud noise is sometimes undetectable at first and can have a cumulative effect.

**To protect your hearing,** some hearing experts suggest that you:

1. Start your volume control at a low setting, and use as low a volume as possible.

2. Limit the amount of time you use headsets or headphones at high volume.

3. Where possible, use your headset in a quiet environment with low background noise.

4. Avoid turning up the volume to block out noisy surroundings.

5. Turn the volume down if you can't hear people speaking near you.

If you experience hearing discomfort, including the sensation of pressure or fullness in your ears, ringing in your ears, or muffled speech, you should stop listening to the device through your headsets or headphones and have your hearing checked by your doctor.

## INFORMATION ON HEARING DAMAGE

- Understanding Noise Induced Hearing Loss
  Exposure to loud sounds can damage your hearing, causing hearing loss and tinnitus (ringing or buzzing in the ears). While a variety of things can lead to hearing loss, including aging and side effects of certain medications, the most common cause of non-age-related hearing damage is loud noise. Extremely loud sounds, such as gun shots or firecrackers at close range, can cause immediate hearing damage. Hearing damage can also occur over time due to repeated exposure to loud sounds such as industrial noise or loud music. With continued exposure to loud noises, ears may become accustomed to the sound level, which may result in permanent damage to hearing without any noticeable discomfort.

- Temporary and permanent hearing loss

EXHIBIT C                                                    000051

Noise induced hearing loss and tinnitus may be temporary or permanent. Ears typically recover from temporary hearing damage in a short time. However, ears may not recover completely, and some damage may be permanent. Repeated exposure to loud sound can cause more and more damage, and eventually lead to serious hearing problems. Scientists generally agree that, over time, exposure to harmful levels of noise can lead to permanent noise induced hearing loss by damaging and/or destroying the inner ear's sensory hair cells.

- Loud sounds + time = hearing loss
  The more time you spend exposed to loud sounds, the more likely you are to damage your hearing. All of the loud sounds that you are exposed to during a day add up - continued exposure to loud sounds can prevent your ears from recovering and also cause additional damage.

- Symptoms of Hearing Loss
  While not all noise induced hearing loss is noticeable, symptoms may include a sensation of pressure or fullness in your ears, ringing in your ears, or muffled speech. If you experience these symptoms or believe you may have experienced noise induced hearing loss, you should have your hearing checked by an ear doctor or audiologist.

## ADDITIONAL RESOURCE

- If you would like to learn more about noise induced hearing loss, the following website provides some useful information: http://www.nidcd.nih.gov/health/hearing/
- Information on driving safely - Click Here
- Information on Motorola's RF safety standards - Click Here

EXHIBIT C                                                    000052

**Plantronics, Inc.**

Sound Basics and Hearing

Sound Basics

We live at the bottom of an ocean of air that constantly exerts a pressure on us.  We experience
the sensation of sound when our eardrums are stimulated by sound waves in the air around us.
Sound waves are vibrations created when an object—such as a car engine, a loudspeaker, our
vocal cords, or a tuning fork—causes a disturbance or change in the air pressure around it.
Acoustic experts measure sound waves in a variety of ways, but sound waves are commonly
described in terms of frequency and amplitude.  Most of the sounds we hear are a complex mix
of different and overlapping frequencies and amplitudes.

Each sound wave increases and decreases the background air pressure many times per second.
The number of wave cycles per second is the sound wave's frequency or pitch, which is typically
measured in Hertz (Hz).  Each Hz represents one wave cycle per second.  If our ears are working
perfectly, we can hear frequencies from about 20 Hz (for example, the largest organ pipe) to
20,000 Hz (for example, some dog whistles).  As we move away from the source of a sound, the
pressure drops approximately in proportion to the distance.  As the distance from the sound
source doubles in length, the sound pressure level is reduced by half.

The height and depth of sound waves is referred to as amplitude or loudness.  As the amplitude
increases, the volume increases.  Our ears can detect sound over a very wide range of
amplitudes, which are often measured and described in terms of decibels (dB).  The softest sound
humans can hear is approximately 0 dB.

Sound and Hearing

Sound waves collected by the Pinna (outer ear) are funneled down the ear canal and set the ear
drum in corresponding motion.  The malleus, incus and stapes (also known as the hammer, anvil,
and stirrup) transfer these vibrations to the spiral shaped structure called the cochlea.  The
cochlea is a fluid filled chamber lined with minute hair cells that are sensitive to different
frequencies.  When exposed to the vibrations caused by various sound waves, the hair cells send
nerve impulses to the brain and the brain interprets those nerve impulses as the variety of sounds
we hear.

Exposure to loud sounds may cause temporary or permanent damage to the hair cells in our ears
and, accordingly, damage our hearing because the hair cells cannot transmit sound to our brain.
A single, very loud sound—such as a gunshot or an explosion—could cause immediate hearing
loss.  Prolonged exposure to other loud sounds over an extended period of time could also cause
hearing loss.  Hearing damage from loud noise may be undetectable at first and can have a
cumulative effect.

Protect Your Hearing

Given the potential risk of temporary or permanent hearing loss associated with exposure to loud
sounds, it is wise to be conservative and use common sense in your listening habits.  For

EXHIBIT C                                        000053

example, you should use earplugs when operating noisy machinery or firearms. Keep your distance from heavy construction equipment or jet engines. When listening to music or other audio (with or without a headset or headphones), keep the volume at moderate levels and limit the amount of time you listen.

Although there is no single volume setting that is appropriate for everyone, you should always use your headset or headphones with the volume set at moderate levels and avoid prolonged exposure to high volume sound levels. The louder the volume, the less time is required before your hearing could be affected. You may experience different sound levels when using your headset or headphones with different devices. The device you use and its settings affect the level of sound you hear. If you experience hearing discomfort, you should stop listening to the device through your headset or headphones and have you hearing checked by your doctor. To protect your hearing, some hearing experts suggest that you:

1. Set your volume control at a low setting, and use as low a volume as possible.

2. Avoid turning up the volume to block out noisy surroundings. Whenever possible, use your headset or headphones in a quiet environment with low background noise.

3. Limit the amount of time you use headsets or headphones at high volume levels.

4. Turn the volume down if you can't hear people speaking near you.

EXHIBIT C                                                                                          000054

**GN Netcom, Inc.**

**WARNING!**

Headsets are capable of delivering sounds at loud volumes and high pitched tones. Exposure to such sounds can result in permanent hearing loss damage. The volume level may vary based on conditions such as the phone you are using, its reception and volume settings, and the environment. Please read the safety guidelines below prior to using this headset.

**Safety guidelines**

1. **Prior to using this product follow these steps:**
   - before putting on the headset, turn the volume control to its lowest level,
   - put the headset on, and then
   - slowly adjust the volume control to a comfortable level.

2. **During the use of this product**
   - Keep the volume at the lowest level possible and avoid using the headset in noisy environments where you may be inclined to turn up the volume;
   - If increased volume is necessary, adjust the volume control slowly; and
   - If you experience discomfort or ringing in your ears, immediately discontinue using the headset and consult a physician.

With continued use at high volume, your ears may become accustomed to the sound level, which may result in permanent damage to your hearing without any noticeable discomfort.

Using the headset while operating a motor vehicle, motorcycle, watercraft or bicycle may be dangerous, and is illegal in some jurisdictions. Check your local laws. Use caution while using your headset when you are engaging in any activity that requires your full attention. While engaging in any such activity, removing the headset from your ear area or turning off your headset will keep you from being distracted, so as to avoid accident or injury.

EXHIBIT C                                                      000055

# EXHIBIT D

**Motorola, Inc.**

Caution About High Volume Usage

**Warning:** Exposure to loud noise from any source for extended periods of time may temporarily or permanently affect your hearing. The louder the volume sound level, the less time is required before your hearing could be affected. Hearing damage from loud noise is sometimes undetectable at first and can have a cumulative effect. To protect your hearing:

1. Start your volume control at a low setting, and use as low a volume as possible.

2. Limit the amount of time you use headsets or headphones at high volume.

3. Where possible, use your headset in a quiet environment with low background noise.

4. Avoid turning up the volume to block out noisy surroundings.

5. Turn the volume down if you can't hear people speaking near you.

If you experience hearing discomfort, including the sensation of pressure or fullness in your ears, ringing in your ears, or muffled speech, you should stop listening to the device through your headsets or headphones and have your hearing checked by your doctor.

For more information about hearing, see our Web site at www.motorola.com/hearingsafety (in English only).

**Plantronics, Inc.**

/!\ WARNINGS

- Exposure to high volume sound levels or excessive sound pressure may cause temporary or permanent damage to your hearing. Although there is no single volume setting that is appropriate for everyone, you should always use your headset or headphones with the volume set at moderate levels and avoid prolonged exposure to high volume sound levels. The louder the volume, the less time is required before your hearing could be affected. You may experience different sound levels when using your headset or headphones with different devices. The device you use and its settings affect the level of sound you hear. If you experience hearing discomfort, you should stop listening to the device through your headset or headphones and have your hearing checked by your doctor. To protect your hearing, some hearing experts suggest that you:

  1. Set the volume control in a low position before putting your headset or headphones on your ears and use as low a volume as possible.

  2. Avoid turning up the volume to block out noisy surroundings. Whenever possible, use your headset or headphones in a quiet environment with low background noise.

  3. Limit the amount of time you use headsets or headphones at high volume levels.

  4. Turn the volume down if the sound from the headset or headphones prevents you from hearing people speaking near you.
     See www.plantronics.com/healthandsafety for more information on headsets and hearing.

### GN Netcom, Inc.

**WARNING!**

Permanent hearing loss may result from long-term exposure to sound at high volumes.  Use as low a volume as possible.

Headsets are capable of delivering sounds at loud volumes and high pitched tones.  Under certain circumstances, exposure to such sounds can result in permanent hearing loss damage.  The volume level may vary based on conditions such as the phone you are using, its reception and volume settings, and the environment.  Avoid prolonged use of the headset at excessive sound pressure levels.  Please read the safety guidelines below prior to using this headset.

### You Can Reduce the Risk of Hearing Damage by Following These Safety Guidelines

1. **Prior to using this product follow these steps:**
   - Before putting on the headset, turn the volume control to its lowest level,
   - Put the headset on, and then
   - Slowly adjust the volume control to a comfortable level.

2. **During the use of this product**
   - Keep the volume at the lowest level possible and avoid using the headset in noisy environments where you may be included to turn up the volume;
   - If increased volume is necessary, adjust the volume control slowly;
   - Ringing in the ears may indicate that the sound levels are too high;
   - If you experience discomfort or ringing in your ears, immediately discontinue using the headset and consult a physician; and
   - Stop using the headset if it causes great discomfort.

With continued use at high volume, your ears may become accustomed to the sound level, which may result in permanent damage to your hearing without any noticeable discomfort.

Using the headset while operating a motor vehicle, motorcycle, watercraft or bicycle may be dangerous, and is illegal in some jurisdictions.  Check your local laws.   Use caution while using your headset when you are engaging in any activity that requires your full attention.  While engaging in any such activity, removing the headset from you rear or turning off your headset will keep you from being distracted, so as to avoid accident or injury.

7

000059

# EXHIBIT E

000060

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re: | Case No. 2:07-ML-1822-DSF-E |
| Bluetooth Headset Products Liability Litigation | **[PROPOSED] FINAL ORDER AND JUDGMENT** |
| | **Judge:  Hon. Dale S. Fischer**<br>**Dept.:  840** |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

1        The Court, having heard all persons properly appearing and timely requesting
2   to be heard, having considered the papers submitted in support of the proposed
3   Settlement Agreement and the oral presentations of counsel,  having considered all
4   applicable law, and having considered any objections timely and properly made to the
5   proposed Settlement Agreement, finds that there is no just reason for delay of the
6   entry of this Final Order and Judgment and approves the Settlement Agreement
7   entered into by the Parties.  This Final Order and Judgment adopts and incorporates
8   the Settlement Agreement and the terms defined therein.

9        NOW, THEREFORE, IT IS HEREBY ORDERED:

10        1.   The Court finds that it has personal jurisdiction over the Parties and all
11   members of the Settlement Class and that it has subject matter jurisdiction to approve
12   the Settlement Agreement.

13        2.   Pursuant to Federal Rule of Civil Procedure 23 and for settlement
14   purposes only, the Court makes final its provisional certification of a Settlement Class
15   including all persons or entities in the United States who, between June 30, 2002 and
16   the date of entry of the Notice Order, purchased a Bluetooth Headset manufactured by
17   Motorola, Plantronics or GN.   Excluded from the Class are: (a) the Defendants and
18   their parents, subsidiaries, and affiliates, current and former directors and officers; (b)
19   any entity in which any of the Defendants has a controlling interest; (c) any successor
20   or assign of any of the Defendants; (d) any person who has validly elected to exclude
21   themselves as described below; and (e) the Judge to whom the Actions are assigned.

22        3.   A list of the Class Members who properly and timely excluded
23   themselves from the Class is attached to this Final Order and Judgment as Exhibit A.

24        4.   The Class Notice approved by the Court was sent on _____, 2009 to all
25   Class Members who could be reasonably identified.  The Summary Notice approved
26   by the Court was published on _____, 2009 in the manner required by the Notice
27   Order.

28        5.   The best notice practicable under the circumstances having been provided

1    to Class Members and full opportunity having been offered to them to withdraw, it is

2    hereby determined that all Class Members who did not timely elect to be excluded

3    from the Class are bound by this Final Order and Judgment.

4        6.    Class Members who failed to timely and properly object to the

5    Settlement Agreement shall be foreclosed from seeking review of the Settlement, by

6    appeal or otherwise.

7        7.    The Court approves the Settlement of these Actions on the terms and

8    conditions set forth in the Settlement Agreement as being fair, reasonable, adequate,

9    and in the best interests of the Class as a whole.  The Court further finds that the

10   Settlement was entered in good faith, and meets all requirements of Rule 23 of the

11   Federal Rules of Civil Procedure and any other applicable law.

12       8.    Upon the Effective Date, the Representative Plaintiffs and all Class

13   Members are conclusively deemed to have released, waived and discharged

14   Defendants and the Released Parties as described in the Release set forth in

15   Paragraphs 3.9-3.10 of the Settlement Agreement.    The Settlement Agreement,

16   including the Release contained in Paragraphs 3.9-3.10, is fully binding on the

17   Representative Plaintiffs and all Class Members.

18       9.    Upon the Effective Date, the Representative Plaintiffs shall have, and

19   each Class Member and the Class shall be deemed to have, covenanted and agreed

20   that he or she shall not, at any time, institute, cause to be instituted, assist in instituting

21   or permit to be instituted on his or her behalf any proceeding in any state or federal

22   court, in or before any administrative agency, or any other proceeding or otherwise

23   allege or assert any of the Settled Claims against the Defendants or the Released

24   Parties, individually or collectively.

25       10.   Defendants have taken or shall take the following steps:

26           a.    post acoustic safety information, in substantially the form as

27                 attached in Exhibit C to the Settlement Agreement, on their

28                 respective websites within ten (10) business days following the

EXHIBIT 2                                    000063
[PROPOSED] FINAL ORDER AND JUDGMENT

1                   Court's approval of the Notice Order, and identify these websites

2                   in the Class Notice; and

3           b.    provide the additional acoustic safety information set forth in

4                   Exhibit D to the Settlement Agreement in product manuals and/or

5                   packaging for new Bluetooth headsets shipped ninety (90) days

6                   after the Effective Date.

7       11.    Within thirty (30) days after the Effective Date, Defendants shall pay a

8 total of $100,000 to fund the following organizations, in the specified amounts: The

9 University of Tennessee College of Medicine, Center for Independent Living

10 Research ("CILR"), $31,666.67; the National Hearing Conservation Association

11 ("NHCA"), $31,666.67; the American Speech and Hearing Association ("ASHA"),

12 $31,666.66; and the Greater Los Angeles Agency on Deafness ("GLAD"), $5,000.

13       12.    The Actions, as defined in the Settlement Agreement, are hereby

14 dismissed with prejudice. Following entry of this Final Order and Judgment and

15 completion of all obligations and undertakings set forth herein, no default by any party

16 shall affect the final dismissal of the Actions with prejudice, the discharge of any of

17 the Defendants, any Released Persons, Class Counsel, Representative Plaintiffs, or

18 Class Members, either individually or collectively, or the releases and covenants

19 provided in connection with the Agreement and set forth in Paragraphs 3.9-3.11.

20       13.    The Representative Plaintiffs and Class Counsel adequately represented

21 the Settlement Class for the purpose of entering into and implementing the Settlement

22 Agreement.

23       14.    The Court orders that Class Counsel are entitled to an award of fees and

24 reimbursement of expenses and the Representative Plaintiffs are entitled to incentive

25 payments as set forth in its separate Order Approving Certain Attorneys' Fees and

26 Expenses. The Court further orders that except as set forth in the Order Approving

27 Certain Attorneys' Fees and Expenses, each party and objector shall bear its own

28 litigation expenses.

EXHIBIT B                000064
**[PROPOSED] FINAL ORDER AND JUDGMENT**

15.     The Court finds that Defendants provided sufficient notice to the appropriate state official of each state in which a Class Member resides and the appropriate federal official, pursuant to 28 U.S.C. § 1715(b).  The Court has received no notice of any objections by any such officials.  The requirements and provisions of 28 U.S.C. § 1715 having been satisfied, Class Members may not refuse to comply with or to be bound by the Settlement Agreement pursuant to 28 U.S.C. § 1715(e).

16.     Pursuant to 28 U.S.C. § 1715(d), this Final Order and Judgment may not be entered earlier than _____, which is 90 days after the date on which the appropriate federal official and the appropriate state officials were served with the notice required by 28 U.S.C. § 1715(b).

17.     The Settlement Agreement shall not be construed as or be deemed an admission or even a suggestion of the truth of any allegation, the validity of any claim asserted in the Actions, or as evidence of any violation of any state or federal law or of any wrongdoing by Defendants.

18.     If the Settlement does not become Final for any reason, the Parties shall be restored to their respective positions in the litigation and shall proceed in all respects as if there were no class certification for settlement purposes and as if the Settlement Agreement had not been executed.

19.     Without affecting the finality of this Final Order and Judgment, the Court will retain continuing and exclusive jurisdiction over the Parties and all Class Members for purposes of implementing and enforcing this Agreement and the Settlement.

1

2

3    DATED: _____, 2009  By: _____
                                        DALE S. FISCHER
4                                       United States District Judge

5

6

7

8

9    Submitted by:

10

11   _____
     BRUCE L. SIMON (Bar No. 96241)
12      bsimon@psswplaw.com
     ESTHER L. KLISURA (Bar No. 221171)
13      eklisura@psswplaw.com
     **PEARSON, SIMON, SOTER,**
14   **WARSHAW & PENNY, LLP**
     44 Montgomery Street, Suite 1200
15   San Francisco, California 94104
     Telephone: (415) 433-9000
16   Facsimile: (415) 433-9008

17   Co-Lead Class Counsel for Plaintiffs
     and the Putative Class

18

19

20

21

22

23

24

25

26

27

28