**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Bluetooth Headset Products<br>Liability Litigation | Case No. 2:07-ML-1822-DSF-E<br>CLASS ACTION<br><br>**ORDER GRANTING FINAL**<br>**APPROVAL** |

Before the Court is Plaintiffs' Motion for Final Approval of Class Settlement. The Court, having considered the papers submitted in support of the proposed Settlement Agreement and the oral presentations of counsel, having considered all objections made to the proposed Settlement Agreement and the oral presentations of those objectors who appeared at the Fairness Hearing, and having considered all applicable law, finds that there is no just reason for delay of the entry of this Order Granting Final Approval and approves the Settlement Agreement entered into by the Parties. This Order Granting Final Approval adopts and incorporates the Settlement Agreement and its defined terms.

## BACKGROUND

Twenty-six putative class actions were filed against Motorola, Inc., Plantronics, Inc., and GN Netcom, Inc. (collectively, "Defendants") in various courts across the country concerning the marketing of wireless headsets commonly known as "Bluetooth headsets." On February 20, 2007, the Judicial Panel on Multidistrict Litigation coordinated the cases before this Court in *In Re Bluetooth Headset Products Liability Litigation*, MDL No. 1822. On August 26, 2007, a lawsuit raising similar questions of law and fact, entitled *Kirkpatrick v. Motorola*, No. 07-5570 (DSF) (Ex) was filed in the Central District of California and transferred to this Court.[1]

Plaintiffs filed a Consolidated Class Action Complaint on July 6, 2007. (Dkt. No. 13.) As a result of a meet-and-confer between the Parties, Plaintiffs filed their First Amended Consolidated Complaint ("FACC") on August 3, 2007. (Dkt. No. 16.) The Parties had a second meet-and-confer and, as a result, Plaintiffs filed a Second Amended Consolidated Complaint ("SACC") on September 25, 2007. (Dkt. No. 19.) The SACC is the operative Complaint.

Plaintiffs allege that the use of Defendants' Bluetooth headsets could potentially cause noise-induced hearing loss ("NIHL"). Plaintiffs further allege that

---

[1] The 26 coordinated cases and the *Kirkpatrick* case shall be collectively referred to as the "Actions."

Defendants failed to disclose this purported risk. Defendants strongly assert that their Bluetooth headsets are safe and deny that they have done anything wrong. Defendants also deny that the actions are amenable to class treatment for merits purposes (as opposed to settlement purposes).

In May 2008 Defendants filed a joint Motion to Dismiss the Actions. (Dkt. No. 34.) The motion was fully briefed when the Parties informed the Court that they had reached an agreement in principle to settle the lawsuit, and sought a temporary stay of the proceedings. (Dkt. No. 49.)

On January 16, 2009, the Parties filed a Class Action Settlement Agreement (the "Settlement Agreement" or "Agreement") that purported to resolve all claims raised in the Actions. (Dkt. No. 61.) After a February 9, 2009 hearing, the Court preliminarily approved the settlement and directed that notice be provided to the Class as set forth in the Court's Order Preliminarily Approving Settlement and Providing for Notice (the "Notice Order"). (Dkt. No. 64.)

Notice was provided to the Class and Class Members were given the opportunity to object or opt out. Fifty objections were received by the Court and/or settlement administrator and 715 people validly elected to opt out of the lawsuit.

On July 6, 2009, the Court held a Fairness Hearing to consider whether final approval of the settlement was warranted. Attorneys for the Parties were present at the hearing, as was counsel for the seven objectors referred to in the pleadings and at the hearing as the "Brennan objectors." (Dkt. Nos. 107 & 164.)

**ORDER GRANTING FINAL APPROVAL**

**JURISDICTION**

The Court finds that it has jurisdiction over the Parties and all members of the Settlement Class pursuant to 28 U.S.C. § 1332(d).

**FINDINGS**

The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

For the reasons set forth below, the Court finds that: (1) certification of a Rule 23(b)(3) settlement class is appropriate; (2) the best notice practicable has been given to the Class; and (3) the settlement should be approved as being fair, adequate, and reasonable.

**A.     CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY.**

The Court provisionally certified a Settlement Class (for settlement purposes only) in its Notice Order. (Notice Order ¶ 1.)  None of the objectors contests certification of the Settlement Class.  The Court finds that it is appropriate, pursuant to Federal Rule of Civil Procedure 23(b)(3) and for settlement purposes only, to make final its provisional certification of a Settlement Class, which consists of:

> all persons or entities in the United States who, between June 30, 2002 and the date of entry of this Notice Order, purchased a Bluetooth Headset manufactured by Motorola, Plantronics or GN.  Excluded from the Class are: (a) the Defendants and their parents, subsidiaries, and affiliates, current and former directors and officers; (b) any entity in which any of the Defendants has a controlling interest; (c) any successor or assign of any of the Defendants; (d) any person who has validly requested exclusion from the Settlement Class, as listed in Exhibit A to this Order; and (e) the Judge to whom the Actions are assigned.

**1. The Settlement Class Satisfies the Requirements of Rule 23(a).**

The Settlement Class satisfies the four threshold requirements of Rule 23(a) - numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

*Numerosity.* The Settlement Class is composed of millions of purchasers of Bluetooth headsets residing throughout all fifty states. Numerosity is "clearly satisfied" where there is a "nationwide class with millions of class members residing in fifty states . . . ." *Hanlon*, 150 F.3d at 1019. The numerosity requirement is met here.

*Commonality.* A class has sufficient commonality if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Defendants' alleged conduct - failing to warn of a purported risk of NIHL - is relevant to each Class Member's claims. Therefore, commonality is satisfied. *See Hanlon*, 150 F.3d at 1019.

*Typicality.* A representative plaintiff's claims are typical if they "are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.* at 1020. In this case, Plaintiffs and the Settlement Class allege they have suffered the same type of "harm," growing out of Defendants' failure to warn about a purported risk of hearing loss. Because the settlement excludes personal injury claims (Agreement ¶ 3.10), claims among the members of the Settlement Class are typical. *Hanlon*, 150 F.3d at 1020.

*Adequacy of Representation.* The adequacy requirement has two prongs: "1) that the representative party's attorney be qualified, experienced and generally able to conduct the litigation; and 2) that the suit not be collusive and plaintiff's interests not be antagonistic to those of the remainder of the class." *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1988). Both elements are satisfied here. First, Plaintiffs retained counsel who are qualified and experienced to litigate this action. The law firms representing

the Settlement Class have represented plaintiffs in dozens of class actions. Second, there is no evidence that Plaintiffs have interests that are antagonistic to those of other Class Members, or that Plaintiffs will fail to protect the interests of the Class. Moreover, there is no evidence that this case (or the settlement) was collusive.

**2. The Settlement Class Satisfies the Requirements of Rule 23(b)(3).**

The requirements of Rule 23(b)(3) are satisfied where (1) common issues of law or fact "predominate over any questions affecting only individual members" and (2) class resolution is "superior to other available methods fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Defendants' alleged conduct and the science issues related to the purported risk of NIHL are a significant aspect of the case and can be resolved for all members of the class in a single adjudication. This common nucleus of facts and the potential legal remedies predominate over any questions related to individual members of the Class and support Class certification here. *Amchem*, 521 U.S. at 625 (finding "[p]redominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws").

Moreover, a class action is superior here because employing the class device will conserve the resources of the judicial system, preserve public confidence in the integrity of the system by avoiding the waste and delay of repetitive proceedings, and prevent the inconsistent adjudications of similar issues and claims. *Hanlon*, 150 F.3d at 1023.

Assessment of the non-exclusive factors listed in Rule 23(b)(3), which potentially apply to both the predominance and superiority inquiries, yields the same result. Because a nationwide Class is being certified for the purposes of settlement only, manageability is not an issue. *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." (citation omitted)).

Thus, the Court certifies a settlement Class pursuant to Rule 23(b)(3).  A list of the Class Members who properly and timely excluded themselves from the Class is attached to this Order Granting Final Approval as Exhibit A.

**B.  THE NOTICE TO THE CLASS WAS THE BEST NOTICE PRACTICABLE.**

The Court provided for a comprehensive, multi-faceted notice to the Class in its Notice Order.  (Notice Order ¶ 8.)  Kinsella Media, LLC, a nationally renowned notice expert that has developed and directed some of the largest and most complex national notification programs in the country, developed and implemented the notice program approved by the Court.  There have been no objections to the content or the form of the notice program.

Notice of the settlement was disseminated via first class mail to the last known address of all potential Class Members who could be identified with reasonable effort.  A total of 246,236 notices were mailed to potential Class Members.  (Dkt. No 154, Kinsella Decl. ¶ 10; Dkt. No. 153, Fenwick Decl. ¶¶ 4-7.)  The Summary Notice approved by the Court was published in several national publications, including *People*, *Newsweek*, *Sports Illustrated*, *National Geographic*, *Parade*, and *USA Weekend*.  (Kinsella Decl. ¶¶ 19-20.)  The notices informed potential Class Members of the litigation and the terms of the proposed settlement.  The notices also advised Class Members that they could remain a member of the Class, opt out of the Class, or object to the proposed settlement.  Moreover, the notice program included maintenance of an Internet website (www.bluetoothheadsetlitigation.com), which provided downloadable copies of the Class Notice and Settlement Agreement.  (Fenwick Decl. ¶ 3(c).)

According to Katherine Kinsella, the president of Kinsella Media, the notice program reached more than 80% of the potential Class Members an average of more than 2.5 times each.  (Kinsella Decl. ¶ 24.)  Kinsella testified via affidavit that the notice program was "the best notice practicable under the circumstances and . . . fully compliant with Rule 23 of the Federal Rules of Civil Procedure."  (*Id*. ¶ 26.)  The

Court agrees.  *See Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 90 (3d Cir. 1985) ("It is well settled that in the usual situation first-class mail and publication in the press fully satisfy the notice requirements of both Fed. R. Civ. P. 23 and the due process clause."); Manual for Complex Litigation § 21.311 (4th Ed.) ("Determination of whether a given notification is reasonable under the circumstances of the case is discretionary.").  The notice adequately described the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.  The notice also provided absent Class Members with the opportunity to opt out and individually pursue any state law remedies that they so choose.

B.    The Court also finds that Defendants provided sufficient notice to the appropriate state official of each state in which a Class Member resides and the appropriate federal official, pursuant to 28 U.S.C. § 1715(b).  (Dkt. No. 156, Lombard Decl. ¶¶ 3-4.)  The Court has received no notice of any objections by any such officials.

**C.** **THE TERMS OF THE SETTLEMENT ARE FAIR, REASONABLE, AND ADEQUATE.**

The Court has weighed the factors set forth in *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004), and determined that the settlement should be approved as fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). The *Churchill* factors include: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement."[2] *Churchill*, 361 F.3d at 575. The relative degree of importance of each of these factors varies according to the circumstances of each case and is dictated by the nature of the claim and the type of relief sought. *See Hanlon*, 150 F.3d at 1026; *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

### 1. The Strength of Plaintiffs' Case.

The majority of the objectors suggest the claims pursued in this litigation are frivolous and meritless and that the Court should dismiss the case instead of approving the settlement. The Court rejects that suggestion - the type of frivolousness that would justify dismissing a case outright or imposing sanctions is quite rare, and this is not such a case.

The objectors may be correct that the suit ultimately would not be successful. For example, before the settlement was reached, the Parties completed briefing on Defendants' Motion to Dismiss. Defendants argued that Plaintiffs: (1) lack Article III standing because their damages claim is based on nothing more than a hypothetical economic injury, (2) fail to allege a cognizable "injury" or "damages" under

---

[2] Because the settlement evaluation factors are non-exclusive, discussion of those factors not relevant to this case has been omitted. *Churchill*, 361 F.3d at 576 n.7.

applicable state law, (3) fail to allege any affirmative misstatement of fact, and (4) base their theory of recovery on NIOSH recommended "standards" that actually undermine their claims. (Dkt. No. 34, Defendants' Motion to Dismiss.) While the settlement relieves the Court of having to rule on the Motion, it is clear that, although at least some of the claims would have survived the Motion, Defendants have significant defenses and that Plaintiffs face the risk of obtaining nothing if they continue to pursue this litigation. It is clear to the Court that the parties and the mediator, the Honorable Steven J. Stone, Presiding Justice, California District Court of Appeal (Ret.), carefully considered this risk and weighed it against the benefits of the settlement. This factor supports approval of the settlement. *Gribble v. Cool Transps. Inc.*, No. CV 06-04863 GAF (SHx), 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008) (noting "it is important to remember that the [settlement agreement] is a better option than not receiving any compensation, which is a reasonable possibility given the questions surrounding Plaintiff's claims and class certification").

### 2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation.

Defendants are confident that they have a strong case on the merits and will vigorously challenge Plaintiffs' claims. Thus, even if the Court were to decide the Motion to Dismiss in favor of Plaintiffs, there is no question that there would be contested Class certification briefing, likely cross-motions for summary judgment, and challenges to expert testimony under *Daubert*. If the case goes to trial, there is no dispute that it would be a long, contested trial with likely appeals by the losing party or parties. In short, if the settlement were not approved, further litigation before this Court would be time-consuming, complex, and expensive.

Several objectors raised economic concerns that the settlement will cost Defendants money, which will end up costing consumers more because it may cause Defendants to raise the price of their headsets. Such arguments are better addressed to the legislature than to the courts. Moreover, disapproving the settlement would cost Defendants even more money because Defendants would incur additional attorneys' fees and costs to defend the litigation, even if Defendants were ultimately successful.

In light of the risks and strengths of Plaintiffs' claims and the expense, complexity, and likely duration of future litigation, final approval of the settlement is warranted here. *Bullock v. Adm'r of Estate of Kircher*, 84 F.R.D. 1, 10 (D.N.J. 1979) ("The expense and risk of litigation often weigh heavily in favor of settlement.").

**3. The Risk of Maintaining Class Action Status Throughout the Trial.**

In reaching the settlement, the Parties agreed that Defendants' right to oppose a motion for Class certification would be preserved if the settlement were not approved. (Agreement ¶ 5.12.) Because the settlement was reached before the Parties briefed the issue of Class certification, the Court is unable to make any definitive analysis of the likelihood that a Class would be certified and remain certified through trial.

**4. The Amount Offered in Settlement.**

The settlement requires Defendants to add (or modify) warnings concerning NIHL. The warnings were posted on each Defendant's website when the Court preliminarily approved the settlement in the Notice Order. (*See* Agreement ¶ 3.1(a).) Notice of these warnings was sent to all Class Members who could be identified with reasonable effort. (Fenwick Decl., Ex. A, at 4.) Moreover, warnings will be added to Defendants' product manuals. (Agreement ¶ 3.1(b).)

The settlement also requires $100,000 in donations to nonprofit organizations whose mission involves the prevention of NIHL, which will provide some indirect benefit to the Class. Specifically, Defendants will fund the following organizations in the specified amounts: The University of Tennessee College of Medicine, Center for Independent Living Research ("CILR"), $31,666.67; the National Hearing Conservation Association ("NHCA"), $31,666.67; the American Speech and Hearing Association ("ASHA"), $31,666.66; and the Greater Los Angeles Agency on Deafness ("GLAD"), $5,000. (*Id.* ¶ 3.2.)

The Brennan objectors suggest that a settlement with a *cy pres* component is not permissible. That is not the law in the Ninth Circuit, as conceded by the Brennan objectors. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990); (Dkt. No. 107, Brennan *et al*. Objection, at 9 (noting that *Six (6) Mexican Workers* "approves of the use of *cy pres*")). The Court finds that a *cy pres* is appropriate in this case. There is no purpose in requiring a payment to the Class that

1    could not possibly be more than pennies.  *See, e.g., Koppell v. Keds Corp.*, No. 93

2    CIV. 6708 (CSH), 1994 WL 97201, at *3 (S.D.N.Y. Mar. 21, 1994) (finding "the *cy*

3    *pres* resolution adopted by the settlement agreements is reasonable and adequate"

4    where, given the size of the class and the small size of any individual recovery, the

5    cost of identifying and administering any claims process would consume the entire

6    settlement).

7         Objectors have also suggested that it would be unfair for awards to the Class

8    representatives and fees to Class counsel to overshadow the relief received by the

9    Class.  (*See, e.g.*, Dkt. No. 107, Brennan *et al*. Objection, *citing Molski v. Gleich*, 318

10   F.3d 937 (9th Cir. 2003); *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir.

11   2006); and *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877 (7th Cir. 2000).).

12   Concerns about the fairness of Class Counsel's fees and incentive awards to the Class

13   representatives are minimal in the Court's analysis of the reasonableness of the

14   settlement because the settlement is not conditioned on any minimum awards to

15   Counsel or the Class representatives.  (Agreement ¶ 3.8 ("The Parties expressly agree

16   that the terms of this Agreement are not conditioned upon any minimum attorneys' fee

17   award, minimum costs award, or upon the payment of any incentive award to any

18   Plaintiff.").)  Instead, the Court is vested with full discretion concerning what amounts

19   should be awarded, if any.  (*See* id.)  Because the awards are severable from the rest of

20   the settlement (and will be addressed in a separate order), the cases cited by the

21   objectors are distinguishable.

22        The Court is mindful that a proposed settlement shall not "be judged against a

23   hypothetical or speculative measure of what might have been achieved by the

24   negotiators." *Officers for Justice*, 688 F.2d at 625.  The Court must consider the

25   settlement terms "as is" and cannot rewrite terms or conditions drafted by the Parties.

26   *Id.* at 630 (the Court is not "empowered to rewrite the settlement agreed upon by the

27   parties" and "may not delete, modify, or substitute certain provisions"); *Hanlon*, 150

28   F.3d at 1026 ("The settlement must stand or fall in its entirety.").

The settlement provides more than Plaintiffs might have achieved at trial, and it does not do the Class any harm, as claims for personal injury are specifically excluded. *See Churchill*, 361 F.3d at 576. When weighed against the risk that the Class will get nothing if the litigation moves forward, the consideration offered to the Class is adequate. Accordingly, this factor supports approval of the settlement.

**ORDER GRANTING FINAL APPROVAL**

### 5. The Extent of Discovery Completed and the Stage of the Proceedings.

The Parties voluntarily exchanged significant discovery prior to the execution of the Agreement. Plaintiffs worked with experts to evaluate their claims and the Parties each presented their interpretation of the scientific factors related to Plaintiffs' claims to a mediator. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (weighing "significant investigation" of claims in favor of settlement). In light of the significant investigation of Plaintiffs' claims and the substantial exchange of information by the Parties, the Court finds that the Parties had enough information to make an informed decision about the settlement. This factor also weighs in favor of approval.

### 6. The Experience and Views of Counsel.

The Court has reviewed and considered the memoranda presented by the Parties and the objectors as well as the views of those who spoke at the Fairness Hearing. It is clear that the settlement was negotiated over an extended period of time by experienced counsel on both sides, each with a comprehensive understanding of the strengths and weaknesses of each Party's respective claims and defenses. The settlement was the eventual product of a mediation conducted by the Honorable Steven J. Stone, Presiding Justice, California District Court of Appeal (Ret.), who approved of the settlement. The experience and views of counsel, and the mediator, support approval of the settlement here. *Churchill*, 361 F.3d at 577; *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 538-39 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990).

### 7. The Reaction of Class Members to the Proposed Settlement.

A low percentage of objectors in comparison to the overall Class size may weigh heavily in favor of approval of settlement in certain cases. *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979) ("[T]he Court finds persuasive the fact that eighty-four percent of the class has filed no opposition.").

Although the exact number of Class Members is unknown in the instant action, the Settlement Class is composed of millions of purchasers of Bluetooth headsets across the United States since 2002.  Of these, 715 people have validly elected to opt out of the lawsuit, and 50 have filed written objections with the Court and/or settlement administrator.  (*See* Fenwick Decl. ¶¶ 12-13.)

The Court does not agree with the Parties' contention that the relatively small number of objections and requests for exclusion, as compared with the large size of the Class, suggests that the overwhelming majority of the Class considers this settlement to be a favorable development.  It is more likely that opting out simply was not worth even the minimal amount of effort it would have taken to do so.  However, the Court notes that none of the 50 objections raises any concerns that the Class is giving up a valuable right for which Class Members are not getting enough in return.  Instead, the overwhelming majority of objectors suggests that the case is simply meritless and the case should be dismissed (in which case the Class would get nothing at all) which, as described above, supports approval of the settlement here.

**8. Absence of Collusion.**

The Court may consider the absence of collusion in the settlement process. *Churchill,* 361 F.3d at 575. The objectors have provided no evidence of collusion and the Court finds none. In fact, the record demonstrates in several ways that the settlement was the product of arm's-length negotiations without any indication of collusion. First, Justice Stone was involved throughout settlement negotiations, and ultimately approved of the settlement. Second, the Parties negotiated the core terms of the settlement first and only after reaching agreement on those core terms did the Parties negotiate attorneys' fees. Third, the settlement is not in any way dependent on any minimum compensation to Class counsel or the Class representatives. (*See* Agreement ¶ 3.6.)

After weighing the *Churchill* factors, the Court approves the settlement of these Actions on the terms and conditions set forth in the Settlement Agreement as being fair, reasonable, adequate, and in the best interests of the Class as a whole. The Court further finds that the Settlement was entered in good faith, and meets all requirements of Rule 23 of the Federal Rules of Civil Procedure and any other applicable law.

**D.     OBJECTIONS TO THE SETTLEMENT.**

D.     The Court has reviewed the objections filed with or otherwise presented to the Court, regardless of whether they satisfied the rules concerning objections set forth in the Court's Notice Order. (Notice Order ¶ 12.) The objections pertinent to the Court's analysis have been addressed above.

**E.     CONCLUSION.**

E.     For all of the foregoing reasons, and for the reasons stated at the July 6, 2009 Fairness Hearing, the Court concludes certification of a Settlement Class pursuant to Rule 23(b)(3) is appropriate, the best notice practicable has been given to the Class, and the settlement should be approved as being fair, reasonable, and adequate.

E.     NOW, THEREFORE, IT IS ORDERED:

1      6.      The Class is certified for settlement purposes only pursuant to Federal

2   Rule of Civil Procedure 23(b)(3).

3      7.      The settlement is approved as being fair, adequate, and reasonable.

4      8.      The best notice practicable having been provided to Class Members and

5   full opportunity having been offered to them to withdraw, all Class Members who did

6   not timely elect to be excluded from the Class are bound by this Order Granting Final

7   Approval.

8      9.      The requirements and provisions of 28 U.S.C. § 1715 having been

9   satisfied, Class Members may not refuse to comply with or to be bound by the

10  Settlement Agreement pursuant to 28 U.S.C. § 1715(e).

10.    On the Effective Date,[3] the Representative Plaintiffs and all Class Members are conclusively deemed to have released, waived, and discharged Defendants and the Released Parties as described in the Release set forth in paragraphs 3.9-3.10 of the Settlement Agreement.  The Settlement Agreement, including the Release contained in paragraphs 3.9-3.10, is fully binding on the Representative Plaintiffs and all Class Members.

11.    On the Effective Date, the Representative Plaintiffs shall have, and each Class Member and the Class shall be deemed to have, covenanted and agreed that he or she shall not, at any time, institute, cause to be instituted, assist in instituting or permit to be instituted on his or her behalf any proceeding in any state or federal court, in or before any administrative agency, or any other proceeding or otherwise allege or assert any of the Settled Claims against Defendants or the Released Parties, individually or collectively.

12.    The Actions, as defined in the Settlement Agreement, are dismissed with prejudice. Following entry of this Order Granting Final Approval and the entry of a judgment and completion of all obligations and undertakings set forth in this Order, no default by any Party shall affect the final dismissal of the Actions with prejudice, the discharge of any of the Defendants, any Released Persons, Class Counsel, Representative Plaintiffs, or Class Members, either individually or collectively, or the releases and covenants provided in connection with the Agreement and set forth in paragraphs 3.9-3.11.

13.    Defendants have taken or shall take the following steps:

---

[3] The Settlement Agreement defines "Effective Date" as "the date when each and all of the following conditions have occurred: (a) This Agreement has been fully executed by all the Parties and their counsel; (b) Orders have been entered by the Court certifying the Settlement Classes, granting preliminary approval of this Agreement, and approving the Notice Plan; (c) The Court-approved Notice Plan has been duly promulgated as ordered by the Court; (d) The Court has entered an order approving this Agreement and finally dismissing the Released Claims with prejudice; and (e) That order and judgment becomes Final." (Agreement ¶ 1.9.)

a.  post acoustic safety information, in substantially the form as attached in Exhibit C to the Settlement Agreement, on their respective websites within ten business days following the Court's approval of the Notice Order, and identify these websites in the Class Notice; and

b.  provide the additional acoustic safety information set forth in Exhibit D to the Settlement Agreement in product manuals and/or packaging for new Bluetooth headsets shipped 90 days after the Effective Date.

6.  Within 30 days after the Effective Date, Defendants shall pay a total of $100,000 to fund the following organizations, in the specified amounts: The University of Tennessee College of Medicine, Center for Independent Living Research ("CILR"), $31,666.67; the National Hearing Conservation Association ("NHCA"), $31,666.67; the American Speech and Hearing Association ("ASHA"), $31,666.66; and the Greater Los Angeles Agency on Deafness ("GLAD"), $5,000.

7.  Class Members who failed to timely and properly object to the Settlement Agreement shall be foreclosed from seeking review of the Settlement, by appeal or otherwise.

8.  Except as otherwise ordered by the Court, each Party and objector shall bear its, his, or her own litigation expenses.

9.  The Settlement Agreement shall not be construed as or be deemed an admission or even a suggestion of the truth of any allegation, the validity of any claim asserted in the Actions, or as evidence of any violation of any state or federal law or of any wrongdoing by Defendants.

10.  If the Settlement does not become Final[4] for any reason, the Parties shall be restored to their respective positions in the litigation and shall proceed in all

---

[4] The Settlement Agreement defines "Final" as follows: "(a) the judgment is a final, appealable judgment order; and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal there from have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the Order Granting Final Approval in all material respects."  (Agreement ¶ 1.10.)

respects as if there were no Class certification for settlement purposes and as if the Settlement Agreement had not been executed.

11.    Without affecting the finality of this Order Granting Final Approval and the judgment to be entered, the Court will retain continuing and exclusive jurisdiction over the Parties and all Class Members for purposes of implementing and enforcing this Agreement and the Settlement.

12.

DATED: ___9/8_____, 2009    By: ___

DALE S. FISCHER
United States District Judge

**ORDER GRANTING FINAL APPROVAL**

# EXHIBIT A

**Exclusions Requests**

| | Name |
|---|---|
| 1 | Robert Michael Condran |
| 2 | Pamela Curlee |
| 3 | Lee J Herskowitz, Yvonne R herskowita |
| 4 | Kenneth Reid |
| 5 | Dr Kenneth Fitzgerald White I |
| 6 | Simon K Laufer |
| 7 | Susan Laufer |
| 8 | Sam Tuli |
| 9 | Carl Leonard Ross Sr |
| 10 | Dorothy Kinuye Ross |
| 11 | Alisa G Joyner |
| 12 | Joseph Jojo J Reyes |
| 13 | Phyllis D Bravinder |
| 14 | Michael A Mulheirn |
| 15 | Wendy K Haerens |
| 16 | Steven C Waechter |
| 17 | Cristder D Bush |
| 18 | Eric Morrie |
| 19 | Douglas MacPherson |
| 20 | Timothy A Divers |
| 21 | Karen Elisabeth Magro |
| 22 | James C Cawood III |
| 23 | Sara Truszkowski |
| 24 | Ryan R Bradshaw |
| 25 | Richard J Chester Jr |
| 26 | Tahvia J Adams |
| 27 | Jon Wright |
| 28 | Donna L Longhouse |
| 29 | Joshua R Silber |
| 30 | Henry L Welch |
| 31 | James DeBiase |
| 32 | Bobbie L Peterson |
| 33 | Pat Osborn |
| 34 | James A Byrd |
| 35 | Gordon Hebert |
| 36 | Vera Hebert |
| 37 | Alan Hebert |
| 38 | Adam Hebert |
| 39 | Mitchell Dru Green |
| 40 | Albert Alexander Alvarez |
| 41 | Thomas Russell Borders |
| 42 | Vance Faber |
| 43 | Ray Tartaglione |
| 44 | Albert Alexander Alvarez |
| 45 | Maher Benham |
| 46 | Teresa Y Sanchez |
| 47 | Paul DuPree |
| 48 | Pedro Linares |
| 49 | Joseph Schunk |
| 50 | Louis J Franco, Jr |
| 51 | Lawrence G Goldberg |
| 52 | Sean Patrick Rodgerson |
| 53 | William Curtis |
| 54 | Jerry Trincher Watkins |
| 55 | Joseph A Barney |
| 56 | David E Wainscott |
| 57 | Carroll F Lam |

Exhibit A
Page 18

000021

**Exclusions Requests**

| | |
|---|---|
| 58 | Adam Roy Nicholson |
| 59 | Timothy J Sargeant |
| 60 | Floyd Leshen |
| 61 | Danny Michael |
| 62 | Jonathan Lieber |
| 63 | Anita Whelan |
| 64 | Jeff Willes |
| 65 | Brian Almleaf |
| 66 | Mitchell S Askenas |
| 67 | Christopher David Cochran |
| 68 | Kriss Trunkett |
| 69 | J Bruce Sussman |
| 70 | Jeffrey Key |
| 71 | Steven Goldstein |
| 72 | Otis Thomas |
| 73 | Vincent Gerbasto |
| 74 | Albert Pihlquist |
| 75 | Charles A East |
| 76 | John E Milford |
| 77 | Theron F Bambeck |
| 78 | John E Milford |
| 79 | Julie Minor |
| 80 | Larry Dresen |
| 81 | Yakor Klein |
| 82 | James Jefferies |
| 83 | Patrick Yerby |
| 84 | Marc B Goldberg |
| 85 | Bennett D Krasner |
| 86 | Michael Joseph Vettraino |
| 87 | Daniel Wotman |
| 88 | Timothy A Dean |
| 89 | Dominick Sacco |
| 90 | Gerald L Gitner |
| 91 | Kevin Johnson |
| 92 | Rosemary Napolitan |
| 93 | Sean Welch |
| 94 | Bill Michels |
| 95 | Vernon R Becker |
| 96 | Michael G Miller |
| 97 | Tien Nguyen |
| 98 | Chris Hillman |
| 99 | Kimberly Ann Vettraino |
| 100 | Lyle Douglas Sanders |
| 101 | Heather Lynn Johnson |
| 102 | Ann Elaine Sanders |
| 103 | Andre Outlaw |
| 104 | Edmund Ortez Jr |
| 105 | Michael Stelzner |
| 106 | Broadus Embler II |
| 107 | Alan Nathanson |
| 108 | Jacqueline M Gonzales |
| 109 | Dustin Bowlin |
| 110 | William Gaida |
| 111 | Jay Bressler |
| 112 | Steele Hunter |
| 113 | John Santone |
| 114 | Catherine Than |
| 115 | M J Jackson |

Exhibit A
Page 19

000022

**Exclusions Requests**

| | |
|---|---|
| 116 | Terry A Smith |
| 117 | Lisa A Lewis |
| 118 | Monte Davis |
| 119 | Kay Zafar |
| 120 | David C Eisenberg |
| 121 | Cathy E Wagner |
| 122 | James A Browne |
| 123 | Frank de Vries |
| 124 | Adam Paige |
| 125 | Sally Ann Scotto |
| 126 | Ronnie Tysinger |
| 127 | Akiko Wakabayashi |
| 128 | Billie Jo Virgin |
| 129 | Tim Custis |
| 130 | Eric R Garneau |
| 131 | Lydia Mendez |
| 132 | Richard R Neel II |
| 133 | Lawrence Morrale |
| 134 | Marc D Jonas |
| 135 | Sandy Hubeli |
| 136 | Jack M Platt |
| 137 | TJ Tomas |
| 138 | Dawn Recchia |
| 139 | Shahin Tchranchi |
| 140 | Stacy Jackson |
| 141 | Tom Friedman |
| 142 | Moshe Edeltoch |
| 143 | Houri Hagopian |
| 144 | Terry Jordan |
| 145 | Cynthia L Venendaal |
| 146 | Eric Robinson Lardiere |
| 147 | Jerry Kenger |
| 148 | Debra Patterson |
| 149 | Joseph Tedori |
| 150 | Charles Kevin Patterson |
| 151 | Rhonda Turner |
| 152 | David Williams |
| 153 | Ron De Leon |
| 154 | Joe Lieber |
| 155 | Maliquen O Price |
| 156 | Daryl J Miller |
| 157 | Roy Gil |
| 158 | Marie E Luten |
| 159 | Terry S Gilmore |
| 160 | Teri S Hinman |
| 161 | Jason M Thomas |
| 162 | Timothy Paul Barkema |
| 163 | Randy J Fyock |
| 164 | Cary D Beard |
| 165 | David Burnett |
| 166 | Lynda Dentry |
| 167 | Gino Avaron |
| 168 | David R Bender |
| 169 | R Matthews Miles Jr |
| 170 | Michael Francis Gulizia |
| 171 | Svetlana Borisovna Laurel |
| 172 | Daujuana Paramore |
| 173 | Joyce Lynn Self |

Exhibit A
Page 20

000023

**Exclusions Requests**

| | |
|---|---|
| 174 | Michael E McMahon |
| 175 | Charles W Barrow |
| 176 | June L Barrow |
| 177 | Maliquen O Price |
| 178 | Dorothy A Smith |
| 179 | Todd Swink |
| 180 | Alisa Swink |
| 181 | Ronnie Swink |
| 182 | Janece Swink |
| 183 | Amber Lea Midkiff |
| 184 | George Malfatti |
| 185 | Richard L Campbell |
| 186 | Ben Sarsozo |
| 187 | Shane Takeshita |
| 188 | Stew Danko |
| 189 | Jack Brian Risher |
| 190 | Bebe Michels |
| 191 | Judy Burleson |
| 192 | Jeffrey Gilchrist |
| 193 | Adriana M Rojas |
| 194 | Mike McFarland |
| 195 | Robin F Schultz |
| 196 | Jesse Harrell |
| 197 | Jesse Harrell |
| 198 | Paul Smith |
| 199 | Ahmet Smakovic |
| 200 | Phillip R Speake |
| 201 | Douglas M Sharapan |
| 202 | Suryanarayanan Ganesan |
| 203 | Ivan Rojas |
| 204 | Edgardo Marquez |
| 205 | Craig Patterson |
| 206 | Mark J Haumschild |
| 207 | Howard L Simon |
| 208 | Jeff Smith |
| 209 | John H Milander |
| 210 | Susan Drake |
| 211 | Thomas J McGee |
| 212 | Justin W Smith |
| 213 | Wayne Given |
| 214 | James I Montag |
| 215 | Christopher E Platten |
| 216 | Mark A Goldsborough |
| 217 | Robin J Schwartz |
| 218 | Garrett N Nelson |
| 219 | David J Kolkman |
| 220 | Louis M Cohen |
| 221 | Kent Martin |
| 222 | Andrea Cooper-Martin |
| 223 | Roberto Ornelas |
| 224 | Stephen Arouis |
| 225 | Brady M Newby |
| 226 | Donald R Jones |
| 227 | Edward J Staraco |
| 228 | Kevin Allen |
| 229 | Stephen B Collins |
| 230 | Peter Rosas |
| 231 | Chad Soriano |

Exhibit A
Page 21

000024

**Exclusions Requests**

| | |
|---|---|
| 232 | John M Whelan |
| 233 | Teresa Huetcalf |
| 234 | Denise E Whiting-Pack |
| 235 | Roger Kreloer |
| 236 | Steven Wiebler |
| 237 | Mark White |
| 238 | Gregory Terrance Hitter |
| 239 | Mario Pereira |
| 240 | Andre Bivins |
| 241 | Lisa Gould |
| 242 | Richard Carlson |
| 243 | Jack R Sturgill Jr |
| 244 | Igor Gutkevich |
| 245 | Jeffrey G Hoss |
| 246 | Manfred Schmidt |
| 247 | Robert Pickey |
| 248 | Jeffrey T Steiner |
| 249 | Crystal D Steiner |
| 250 | Keesha E Montgomery |
| 251 | Harvey R Palmer Jr |
| 252 | John Abee |
| 253 | Erin K Marcks |
| 254 | Sue Retherford |
| 255 | Mieshia Beamon |
| 256 | Robert D Hess |
| 257 | Denton Curtis Page |
| 258 | Dean Zalman |
| 259 | Byron W Riegel |
| 260 | Paula J Grant |
| 261 | Ralph B Gilbert |
| 262 | Barbara A Gilbert |
| 263 | David E Leta |
| 264 | Barbara Pollack |
| 265 | Reginald Eugene Beckham |
| 266 | Donald N Sperling |
| 267 | Sherry L Connor |
| 268 | Karen Clayton |
| 269 | Mary Angela Branch |
| 270 | Stephen J Cherin |
| 271 | Howard I Miller |
| 272 | Irene E Williams |
| 273 | Charles Jankech |
| 274 | Tien Nguyen |
| 275 | Stephanie Nguyen |
| 276 | Richard Heim |
| 277 | Raymond J McKenzie |
| 278 | Jennifer Smith |
| 279 | Joseph P D'Alicandro Jr |
| 280 | Frances Hodgkins |
| 281 | Howard A Bloch |
| 282 | David W Smith |
| 283 | Yakor Klein |
| 284 | David Stevens |
| 285 | Craig H Schoch |
| 286 | Gary Hafer |
| 287 | Krista Driscoll |
| 288 | Gregory P Boyd |
| 289 | Jason Michael Coffey |

000025

**Exclusions Requests**

| | |
|---|---|
| 290 | Joel Barry Zamrin |
| 291 | Roger Hudlow |
| 292 | Oluwafemi Badeji |
| 293 | Stephen D Israel |
| 294 | Carol B Isreal |
| 295 | Nicholas A Sralla |
| 296 | Brian T Nakamoto |
| 297 | Lisa Marie Kapczynski |
| 298 | Robert Anthony Kapczynski |
| 299 | Roy Bechtel |
| 300 | David Tomlin |
| 301 | Barry Brod |
| 302 | E Mark Baran |
| 303 | Helane B Leta |
| 304 | Diangelo D Cathey |
| 305 | Gloria Pickett |
| 306 | Robin Jensen |
| 307 | Michael Armstrong |
| 308 | Christopher M Fuertsch |
| 309 | Stephen B Bera |
| 310 | Robert Mariotti |
| 311 | Mary Grace Acenas |
| 312 | Deborah L Heiman |
| 313 | Randy Jones |
| 314 | Nora Jean Bobb |
| 315 | Jerry Brooks |
| 316 | Ben LoPresti |
| 317 | John Tobia |
| 318 | Craig Wania |
| 319 | Reuben L Sapp |
| 320 | Darci A Blakley |
| 321 | Sharon Bynom |
| 322 | Valarie Small |
| 323 | Glenn Hillord |
| 324 | Gaetan Moise |
| 325 | Michael L Bell |
| 326 | Joey Fernandez |
| 327 | Daniel R McMann |
| 328 | Pellegrino Chiocchi |
| 329 | Charles Coyle |
| 330 | Sugianto Ruslie |
| 331 | Joseph S Friedman |
| 332 | Joleen Damian |
| 333 | Ricardo Mena |
| 334 | Elon Emanuel |
| 335 | Judith Meltzer |
| 336 | Mel Fonseca |
| 337 | Linda Lewis Wright |
| 338 | Ellen Berendes Adler |
| 339 | Charles Andrew Davil |
| 340 | Samira Telles Bordin |
| 341 | Dale Randol |
| 342 | James T Buechler |
| 343 | Michael Rosenberg |
| 344 | Sheli Breen |
| 345 | Anthony Konstantinidis |
| 346 | Kishore K Durbhakula |
| 347 | Shirley J Williamson |

Exhibit A
Page 23

000026

**Exclusions Requests**

| | |
|---|---|
| 348 | Terry Konich |
| 349 | Bridget Wesley |
| 350 | Saundra Clark |
| 351 | Cathy Reichardt |
| 352 | Theodore R Foster III |
| 353 | Pamela D Foster |
| 354 | Lars Erik Meijer |
| 355 | Toni Denise Brown |
| 356 | Steve Baudoin |
| 357 | Peggy San Agustin |
| 358 | Mary Becker |
| 359 | Ronald F Cunha |
| 360 | Ruth P Cunha |
| 361 | Ruth J Shillair |
| 362 | Thomas Lee Shillair |
| 363 | Christopher James Bowman |
| 364 | Beth Ann Ruggiero |
| 365 | Noel H Calderon |
| 366 | Angel Almendares |
| 367 | Denise M Mitchell |
| 368 | Claudio Traslavina |
| 369 | Steven Virgin |
| 370 | Cindy Harvey |
| 371 | Craig Harris |
| 372 | Lawton T Brown |
| 373 | Christine Cedrone Logan Esq |
| 374 | Joshua T Shillair |
| 375 | Mike McDonnell |
| 376 | John P Durbin |
| 377 | Camilla Durbin |
| 378 | Jeremiah Robinson |
| 379 | Mary Wohler DeLarber |
| 380 | John C Holland |
| 381 | David L Howard |
| 382 | Johnny L Griffin III |
| 383 | Anton Habath |
| 384 | Joseph A Casali |
| 385 | Fernando E Ramirez |
| 386 | Dave Randall |
| 387 | Elton Ray |
| 388 | Holly Suszko |
| 389 | Maurice Silberstein |
| 390 | Antonio Marcos Cardoso |
| 391 | Timothy J McCulla |
| 392 | Lauretta A Koenigseder |
| 393 | Rodger Keith Talbot |
| 394 | Janeen L Vlasak |
| 395 | Leah E Williams |
| 396 | Dean Trinkle |
| 397 | Douglas Johnston |
| 398 | Ronald Roland Bryant |
| 399 | Stephen G Abshire |
| 400 | Todd Hardy |
| 401 | Brent Doolan |
| 402 | Douglas Sapp |
| 403 | Doris Grillo |
| 404 | David E Smith |
| 405 | Mathew W Belcastro |

Exhibit A
Page 24

000027

**Exclusions Requests**

| | |
|---|---|
| 406 | Barbara Williams |
| 407 | Stephen J Williams |
| 408 | Michael Kesow |
| 409 | Scott Briefer |
| 410 | Teena Cole |
| 411 | Andrew Dale Shelton |
| 412 | Aziza Lucas |
| 413 | Latrease McSwain |
| 414 | Jay V Seely |
| 415 | Joseph McSweeney |
| 416 | David Bonner |
| 417 | Harry Weaver |
| 418 | Reshaw Tyrael Butler |
| 419 | Shelby D Gooden |
| 420 | Justin Swall |
| 421 | Beth Roberts |
| 422 | Oscar Batista |
| 423 | Margaret A Jack |
| 424 | Lora Silagy |
| 425 | John E Johnson |
| 426 | Nathan Jones |
| 427 | Marie Pavone |
| 428 | Lauren Kutasi |
| 429 | Eric Kruger |
| 430 | Christopher Steel |
| 431 | Mary Arpe |
| 432 | Michael J Gelfand |
| 433 | Ed Bullinger |
| 434 | Robin E Rothera |
| 435 | John Satas |
| 436 | Andrew Ko |
| 437 | Nick Rosentin |
| 438 | Shlomo Rosenberg |
| 439 | Gary Frasier |
| 440 | Mike R Piork |
| 441 | Brad Siegel |
| 442 | Troy Davis |
| 443 | Elaine Jenison |
| 444 | Marvin S Bailey Sr |
| 445 | Edgar Merke |
| 446 | James Andrew Scheminant Sr |
| 447 | Ryan Knudson |
| 448 | Rainer Thornhill |
| 449 | William E Bacon |
| 450 | Warren Young Jr |
| 451 | Wayne T. Jones |
| 452 | Kelly Lusk |
| 453 | Julie Feigeles |
| 454 | Laura Robertsen |
| 455 | Timothy Colin Colley |
| 456 | Richard Fera |
| 457 | Melissa Pomerantz |
| 458 | Mark Chin |
| 459 | La Sonda Sue Sipe-Moreno |
| 460 | Alex R Sowinski |
| 461 | Chanta L Van Laanen |
| 462 | Maria V. Ocampo |
| 463 | David W Knoble |

000028

**Exclusions Requests**

| | |
|---|---|
| 464 | Lorraine Novosad |
| 465 | Mary S Flack |
| 466 | Linda Duncan |
| 467 | Wendy Scholz |
| 468 | Deborah J Barrett |
| 469 | Douglas H Barrett |
| 470 | Dallas L Gamble |
| 471 | James C Brockmann |
| 472 | Diane Hoche Bockwoldt |
| 473 | Stefan McIntosh |
| 474 | Jeffrey J Savois |
| 475 | Frank D. Cohen, DC |
| 476 | Samuel Ranzulla |
| 477 | Heather Burk |
| 478 | Mario de Caris |
| 479 | Amanda Knaus |
| 480 | Barbara Sullivan |
| 481 | Temby Ann Puck Wishnak |
| 482 | Lubin Masibay |
| 483 | Laurenence E Keels |
| 484 | Frank Charles Danna |
| 485 | John Jeffrey White |
| 486 | Pamela J Failing |
| 487 | Harry C Smith |
| 488 | Wally H Tamimi |
| 489 | Anika LaTrise Watson |
| 490 | Gregory E Moore |
| 491 | Tonya Reed |
| 492 | Leslie Hinton |
| 493 | Stephanie Marie Dechant |
| 494 | Matthew Dean Logering |
| 495 | Nicholas Hagadone |
| 496 | Dennis Fitz-Patrick |
| 497 | Martin Sztulpa |
| 498 | Sam V Angoletti |
| 499 | Glenna Ruth Pearce |
| 500 | Brian Duchouquette |
| 501 | Bennett - SFS LLC / Jill Agnelly |
| 502 | Bennett Holmes Inc / Jill Agnelly |
| 503 | Bennett Services LLC / Jill Agnelly |
| 504 | Kevin Freddie Ray |
| 505 | Alan P Zukerberg |
| 506 | William S Podd |
| 507 | Karen E Yates |
| 508 | Doug Delano |
| 509 | David Peichert |
| 510 | Brian Aida |
| 511 | Jan Michael Lamie |
| 512 | Ben Flynn |
| 513 | Lance Dailey |
| 514 | Crystal Hammond-Morrow |
| 515 | Khalik Alexander |
| 516 | Rick Brunner |
| 517 | Kurt David Raatzs Esq |
| 518 | Shane L Byers |
| 519 | Patrizia Jenkins |
| 520 | Steve Maccaquano |
| 521 | Elan S Carr |

000029

**Exclusions Requests**

| | |
|---|---|
| 522 | Peter Rubens |
| 523 | Howard Tillson |
| 524 | Eleanor Hoinowski |
| 525 | Richard Newton |
| 526 | Argelina Molina |
| 527 | Michelle Stegmann |
| 528 | James David Gumfory |
| 529 | Timothy StMartin |
| 530 | Craig Snapp |
| 531 | Gladys Shinmoto |
| 532 | Scott Cristopher Leonard |
| 533 | John M Pelle |
| 534 | William Guyon |
| 535 | Anthony J Musso |
| 536 | William A McClellon Jr |
| 537 | John Thompson |
| 538 | Serena Randall |
| 539 | Earl Wood |
| 540 | Jo Anne Dorais |
| 541 | Wayne J Jennings |
| 542 | Simon G Wrzesinski |
| 543 | James O Burger |
| 544 | Ruel Williams |
| 545 | Sylvia Peralta |
| 546 | Andrew J Beel |
| 547 | Ann Marie Haas |
| 548 | Robert M Keane |
| 549 | Faretta Shine |
| 550 | Albert J Spooner III |
| 551 | Brianna Dauenhauer |
| 552 | Christopher M Hutchins |
| 553 | Terry Shusta |
| 554 | Linda Lue Ivins |
| 555 | Mary-Lou Cohen |
| 556 | Ira Sean Stokes |
| 557 | Ofure A Ogbeiwi |
| 558 | Tammy Sue Brown |
| 559 | Marlo Purple Moret |
| 560 | Peter Misiolek |
| 561 | Allan Bowling |
| 562 | Hans-Jochen Trost |
| 563 | Mark Quinn Steen |
| 564 | Nina Pan |
| 565 | Julie Brousseau |
| 566 | LaToria Denise Richardson |
| 567 | Michael G McSurley |
| 568 | Wendy Sheffield |
| 569 | Saundra Rae Lee |
| 570 | Hassan Mroue |
| 571 | Jill M Weber |
| 572 | Joseph Weber |
| 573 | Wendell Huggins |
| 574 | Kevin Christopher Stockton |
| 575 | Chris A Womble |
| 576 | Chester Flake |
| 577 | Jerome D Regan |
| 578 | David P Himes |
| 579 | Mark Weiler |

Exhibit A
Page 27

000030

## Exclusions Requests

| | |
|---|---|
| 580 | Efrain Toro |
| 581 | Lisa J Graham |
| 582 | Frederich Washington |
| 583 | Scott Lee |
| 584 | Stanley Berkson |
| 585 | Tasha R Stone |
| 586 | Toni Skiles |
| 587 | Brenda Smith |
| 588 | Lauri Sedalnick |
| 589 | Bradley Baldwin |
| 590 | Gavin Alan Pugh |
| 591 | Robert McKinnon |
| 592 | M Krystyn Nitkowski |
| 593 | Brandon Reynolds |
| 594 | Richard M Andrade |
| 595 | Stewart L Kline |
| 596 | William Michael Kelley |
| 597 | John S Johns |
| 598 | Lisa Love White |
| 599 | Scott H Collins |
| 600 | Pamela Chaffin |
| 601 | P Troy Sorensen |
| 602 | Anthony Oliver |
| 603 | Deborah Weiss-Calamar |
| 604 | Christine F Gundersen |
| 605 | Ketan Kotak |
| 606 | Leon Schroeder |
| 607 | Micheal Handy |
| 608 | Harold R Kaufman |
| 609 | Colette K Mosley (Sullivan) |
| 610 | V Adcock |
| 611 | Tom Messerges |
| 612 | Beata Messerges |
| 613 | Jeff Richfield |
| 614 | Linda Lemons Bardell |
| 615 | New York State of Transportation (signed by Jill LaManna - Legal Assistant) |
| 616 | Jaime Henao |
| 617 | Michael Anthony |
| 618 | Patrick S Rogan |
| 619 | Sue K Luskin |
| 620 | Sheila Clark |
| 621 | Ronnie Sissney |
| 622 | Paul D Werczberger |
| 623 | Cindye Schoof |
| 624 | Jerome Reif |
| 625 | Amber Mollenbeck |
| 626 | Adrienne P Smith |
| 627 | Roy D Richardson |
| 628 | Stephan B Frankel |
| 629 | Clarence Moore |
| 630 | Linda Louise King |
| 631 | William McDonough |
| 632 | Vivienne Ng |
| 633 | Nicole Alex |
| 634 | Amir R Tonsul |
| 635 | Marsha Lindsey |
| 636 | Stephen Deschaine |
| 637 | Michael Robert Jefferson |

000031

**Exclusions Requests**

| | |
|---|---|
| 638 | Jeffrey S E Sculley |
| 639 | Sara McNulty |
| 640 | James Elder |
| 641 | David Alan Pooler |
| 642 | Stuart B Olson |
| 643 | Rafael Estepe |
| 644 | Christina Nehring |
| 645 | Pamela Charleston-Lyons |
| 646 | Richard Lamm |
| 647 | Linda S Ryan |
| 648 | Tammy Lynn Long |
| 649 | Geraldine Springer |
| 650 | Scott Juffe |
| 651 | John C Sorrentino |
| 652 | Zack Shaikh |
| 653 | Mike Qureshi |
| 654 | William L Harrigan |
| 655 | Kim Kellen Guarino |
| 656 | Alysia Wong |
| 657 | Nicole D'andrea |
| 658 | Steve Searcy |
| 659 | Allan Gingerich |
| 660 | Melissa Gillespie |
| 661 | Shantriana Nelson |
| 662 | Juan Jose Colina |
| 663 | Vishal R Zaveri |
| 664 | Michelle Homberg |
| 665 | Sooraj Balgobin |
| 666 | Jamison Green |
| 667 | Leslie Karlson |
| 668 | Robin Annette Komasinski |
| 669 | Ronald B Beunett |
| 670 | Kimberly A Miller |
| 671 | Craig D Kostelac |
| 672 | Cynthia A Wilder |
| 673 | Kenneth H Dahnke |
| 674 | Sheila M Winters |
| 675 | Laren Conway Blevins |
| 676 | Lauren Baney |
| 677 | Kevin Ashton |
| 678 | John Golenbieski |
| 679 | Joseph Angelo Gallace |
| 680 | Rebeka Smith |
| 681 | Brenda Sim-Lombardo |
| 682 | David D Plekenpol |
| 683 | Arnita L Plekenpol |
| 684 | Becky Robinson |
| 685 | John Caravello Jr |
| 686 | Jamie Dearing |
| 687 | Michael Ogden |
| 688 | Mary J Phillips |
| 689 | Leon Alex Lee Jr |
| 690 | Sharita N Meeks |
| 691 | Chilie Patterson |
| 692 | Humberto Reyna Jr |
| 693 | Matthew David Bright |
| 694 | Vernal Dunham |
| 695 | Ilona Easley |

Exhibit A
Page 29

000032

**Exclusions Requests**

| | |
|---|---|
| 696 | Pamela Roberta Charleston-Lyons |
| 697 | Angela T Watson |
| 698 | Clarence Jackson |
| 699 | Theodore Sausen |
| 700 | Julie Sausen |
| 701 | Yvette Banks |
| 702 | Bertha Thompson |
| 703 | Season Dietrich |
| 704 | Heather Batzel Esq |
| 705 | Mary Kay Filter Dietrich |
| 706 | Cullen Davis |
| 707 | Luciana Ramos |
| 708 | Robert Tyler |
| 709 | Balaji Wooputur |
| 710 | Lori L Cornell |
| 711 | James Robert Pierce |
| 712 | Abby Fahl |
| 713 | Taiya Williams |
| 714 | Farida Sharyari |
| 715 | Richard Eric Allenhouse |

000033