STEPHEN M. GARCIA (Bar No. 123338)
sgarcia@lawgarcia.com
**THE GARCIA LAW FIRM**
One World Trade Center, Suite 1950
Long Beach, CA 90831
Telephone: (562) 216-5270
Facsimile: (562) 216-5271

BRUCE L. SIMON (Bar No. 96241)
bsimon@pswplaw.com
**PEARSON, SIMON, WARSHAW & PENNY, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

DANIEL L. WARSHAW (Bar No. 185365)
dwarshaw@pswplaw.com
**PEARSON, SIMON WARSHAW & PENNY, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

Class Counsel for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Bluetooth Headset Products Liability Litigation | CASE NO. 2:07-ML-01822 DSF-E<br><br>[Assigned to the Honorable Dale S. Fischer]<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF IN SUPPORT OF LODESTAR ANALYSIS**<br><br>Date: April 16, 2012<br>Time: 1:30 p.m.<br>Crtrm.: 840 |

837908.2

PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF IN SUPPORT OF LODESTAR ANALYSIS

## I. INTRODUCTION

In accordance with this Court's instruction at the October 17, 2011 hearing to address certain issues in the Ninth Circuit's opinion vacating and remanding the Court's Approval and Fee Orders, Plaintiffs filed a supplemental brief on February 13, 2012. (Dkt. No. 347). Plaintiffs reserved the right to respond to Defendants' brief analyzing class counsel's lodestar, which was not yet filed at the time. Pls.' Supp. Br. at 2 n.1. Defendants filed a brief in support of the lodestar analysis on February 21, 2012. (Dkt. No. 350). Plaintiffs now respectfully file this response.

Defendants' analysis confirms what this Court already held in its Fee Order—that class counsel's lodestar *substantially exceeds* the $800,000 fee award. *See* Fee Order at 4 (Dkt. No. 313). Because class counsel's lodestar substantially exceeds the fee award, Plaintiffs do not ask the Court to conduct an accounting and check every dollar Defendants propose cutting. However, Plaintiffs wish to point out several errors in Defendants' analysis which do not merit reducing class counsel's lodestar.

## II. ARGUMENT

### A. Some of Defendants' Proposed Reductions Are Unwarranted

This case is the coordination of a large multi-district litigation that involved 26 putative class actions filed against Defendants across the country. In any litigation involving coordinated proceedings, class counsel acknowledge that inefficiencies exist. Carefully scrutinizing billing records from seven law firms and dozens of attorneys will undoubtedly reveal some inconsistencies, duplicative efforts, and faulty time entries. And while Plaintiffs do not challenge Defendants' analysis in those areas, Plaintiffs contend that several of Defendants' findings were erroneous, as discussed below.

#### 1. Wyly-Rommel, PLLC Submitted Detailed Time Entries

Defendants claim that "*none* of the time entries submitted by WR [Wyly-Rommel, PLLC] contained a description of the tasks performed. Instead, WR

simply provided the aggregate time billed by each attorney to one of ten task descriptions." Defs.' Br. at 8 (emphasis in original). Accordingly, Defendants recommend "a 30% across-the-board reduction of WR's requested fees." *Id.* But Defendants are mistaken, since Wyly-Rommell, PLLC submitted a declaration pursuant to this Court's October 17, 2011 order that included 61 pages of detailed time entries with descriptions of the tasks performed. *See* Declaration of Daniel L. Warshaw ("Warshaw Decl."), ¶ 3. Thus, "a 30% across-the-board reduction of WR's requested fees" is unwarranted.

### 2. Time Spent Coordinating and Preparing Plaintiffs' Motion for Attorneys' Fees Was Valuable

With respect to Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. No. 114), Defendants claim that "WCC [Wasserman, Comden & Casselman, LLP] purportedly spent 47.1 hours preparing its declaration . . . and PSWP [Pearson, Simon, Warshaw & Penny, LLP] purportedly spent 34.1 hours preparing its declaration . . . ." Defs.' Br. at 11-12. "For that reason, and because preparation of the declarations did not confer any benefit on the Plaintiffs," *id.* at 12, Defendants recommend reducing the *entire amount* that was billed for preparing the motion and supporting declarations.

As an initial matter, it is inaccurate to state that WCC and PSWP spent 47.1 hours and 34.1 hours, respectively, preparing the *declarations* in support of the motion for attorneys' fees. Even if this were a typographical error by Defendants,[1] the number of hours spent by the two firms included not just preparing the motion and declarations, but organizing the billing records into summaries and charts per the Court's specified billing categories, and corresponding and coordinating with the

---

[1] Defendants' calculation of the number of hours also appears inflated, as PSWP's time entries reflected 28.2 hours spent preparing the motion and declarations.

other five firms regarding their billing records.  *See* Warshaw Decl., ¶ 4; Declaration of Melissa Harnett ("Harnett Decl."), ¶ 2.  Contrary to Defendants' assertion, in a multi-district litigation involving seven law firms on one side, there is more to do than simply "recycle standard forms" and "attach . . . time reports."  Defs.' Br. at 12. It is evident from the declarations themselves that the work product was neither recycled nor simply a routinely attached report.

      Further, the preparation of the motion and supporting declarations was valuable to the class.  Defendants' position that this work "did not confer any benefit on the Plaintiffs," Defs.' Br. at 12, is improper because this is *not* a common fund case.[2]  *See id.* n.7 ("In common fund cases, the time spent attempting to recover attorneys' fees is not compensable because it does not benefit the plaintiff class. *Wash. Public Power Supply Sys. Secur. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994).")  The Ninth Circuit has explicitly held that attorneys should be compensated "in statutory fee award cases for time spent in preparing the fee application as well as in actually litigating the amount of the fee." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 661 (9th Cir. 1985).  In *Nucorp*, the Ninth Circuit recognized that:

> If attorneys were compensated only for time spent litigating the amount of the fee to which they are entitled, but not for time spent determining the amount, then the overall rate of compensation would be effectively decreased for all hours devoted to the case. That is precisely the result that statutory fee award provisions are designed to prevent.

*Id.*  The Court specifically distinguished statutory fee award cases from common fund cases, the latter in which it found that time spent trying to obtain an attorneys' fee award was "non-compensable on the theory that the attorney's efforts do not benefit the class but rather serve to deplete the fund and hence reduce each class member's ultimate recovery." *Id.*

---

[2] Defendants' claim is also factually inaccurate since the motion for attorneys' fees secured a $12,000 incentive award that *directly* benefitted the class representatives.

This is not the case here. The parties did not negotiate a common fund from which class counsel's fees would be drawn; the attorneys' fee award did not deplete any fund or reduce the class's ultimate recovery. *See* Declaration of Terrence J. Dee in Support of Final Approval of Class Action Settlement, ¶ 15 (Dkt. No. 348-2). Plaintiffs brought a claim for, among other things, violation of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, which provides a statutory fee award. *See* Pls.' Second Consolidated Amended Complaint at 21 (Dkt. No. 19). Such statutory fee award provisions make it economical for attorneys to bring class actions on behalf of consumers with small individual claims. Indeed, "[t]he divergence of interests which exists between attorney and client with respect to the appropriate amount of the fee in common fund cases does not ordinarily exist in statutory fee award cases." *Nucorp*, 764 F.2d at 661-62. As a result, the time spent preparing the motion for attorneys' fees and supporting declarations was valuable to the class.

### 3. Class Counsel *and* Defense Counsel Regularly Attended Conferences In-Person

Defendants cite "multiple attendance at events" and "unnecessary travel time" as examples of Plaintiffs' attorneys needlessly attending hearings and conferences in-person. *See* Defs.' Br. at 9-10. But Defendants fail to mention that defense counsel traveled to attend these same hearings and conferences. *See* Warshaw Decl., ¶ 5. While no one can doubt that we live in a "technologically advanced world, where both telephone and video conference capabilities exist," Defs.' Br. at 10, attorneys appearing to hearings and conferences in-person has a sometimes more desirable personal effect. The decision by *both parties'* counsel to personally appear at certain hearings and conferences is a strategic litigation decision that should not be called into question.

/ / /

/ / /

### 4. Work Performed by Summer Associates Was Substantive and Beneficial

Defendants recommend writing off the entire amount billed by summer associates at Wasserman, Comden & Casselman, LLP because their work seemed "duplicative" and "performed more as a training mechanism." Defs.' Br. at 11. Of the 84.2 hours of work performed by summer associates, Defendants single out four hours of work spent researching and writing a memorandum on "different types of classes and notice costs," and claim it is duplicative of another associate's six hours spent researching and writing a memorandum on "notice costs." *Id.* In fact, these were different assignments, as the associate's memorandum was on the notice requirements under Federal Rule of Civil Procedure 23(c)(2)(B), not "notice costs." Harnett Decl., ¶ 3. The summer associate work performed in this case was substantive and not done solely as a "training mechanism." Defendants' sole example of what it incorrectly claims is duplicative work is no basis for completely eliminating all of the work performed by summer associates.

### 5. Tasks Were Properly and Efficiently Performed

In an argument that seems to conflict with Defendants' assertion that summer associate time should be deducted, Defendants take issue with time billed by more experienced attorneys for tasks Defendants believe should have been performed by junior attorneys or paralegals. *See* Defs.' Br. at 4-6. Contrary to Defendants' argument, courts have recognized that tasks performed by experienced senior attorneys are often performed more efficiently and are more cost-effective than tasks performed by junior attorneys or paralegals. *See, e.g.*, *Chaid v. Glickman*, No. C98-1004, 1999 WL 33292940, at *15 (N.D. Cal. Nov. 17, 1999) ("the Court rejects Defendant's contention that, under the facts of this case, the delegation of research, drafting of pleadings and discovery to lower paid associates and research assistants would have been more efficient. . . . the use of an experienced lawyer to draft pleadings and do legal research is often more economical for the client."); *Muehler*

837908.2

6

PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF IN SUPPORT OF LODESTAR ANALYSIS

*v. Land O'Lakes, Inc.*, 617 F. Supp. 1370, 1379 (D. Minn. 1985) ("It would perhaps be more cost effective if all senior partners engaged in research on the cases they are litigating. That added efficiency underlies the rationale for paying senior partners at a higher rate.").

Moreover, courts in the Ninth Circuit are generally reluctant to question staffing decisions and review structures by firms. *See Moreno v. Sacramento*, 534 F.3d 1106, 1114-15 (9th Cir. 2008) (admonishing the district court not to "impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests."); *Chaid*, 1999 WL 33292940, at *15 ("If we were to examine the individual staffing decisions of each firm before us, we would have to consider the minutia behind such a decision, including . . . whether there are other associates at the firm, what the workload of those associates was like, and similar such individual matters."). Defendant's argument presupposes that junior associates, paralegals, and/or litigation assistants were available to perform the tasks that more experienced attorneys performed. Not only was this not the case,[3] but Defendants are impermissibly asking the Court to scrutinize the staffing decisions of seven firms, some of which only had one or two attorneys working on the case. Defendants' arbitrary deduction of 54% of the fees for the tasks they claim should have been delegated is unwarranted.

### B. Defendants' Analysis Nevertheless Confirms the Reasonableness of the Fee Award

Notwithstanding the above errors and unwarranted reductions, Defendants'

---

[3] For example, the PSWP attorney who spent 1.1 hours preparing a hearing binder did so because there was no lower level attorney or litigation assistant available to perform the task. Warshaw Decl., ¶ 6. Additionally, when the case was originally filed in 2006, WCC (which Defendant charges with the most deductions in this category, *see* Defs.' Br., Exh. 1) had only one partner working on the case and no associate to whom she could delegate her work. Harnett Decl., ¶ 4.

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

analysis confirms the reasonableness of the fee award. In total, Defendants recommend that the Court reduce class counsel's lodestar by $333,667.80, resulting in a lodestar figure of $1,330,185.20. As the Court found in its Fee Order, this amount still *substantially exceeds* the $800,000 fee award. Rather than the nearly 50% discount on class counsel's fees claimed by Plaintiffs, *see* Plaintiffs' Motion for Attorneys' Fees and Costs at 2, this award represents approximately a 40% discount ($800,000 discounted from $1.33 million). Even accepting all of Defendants' reductions, class counsel's appropriate lodestar clearly supports the reasonableness of the fee award.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court note the errors in Defendants' lodestar analysis. Despite these errors, Defendants' analysis further supports the Court's approval of the settlement and the attorneys' fee award.

DATED: March 9, 2012

STEPHEN M. GARCIA
**THE GARCIA LAW FIRM**

BRUCE L. SIMON
DANIEL L. WARSHAW
**PEARSON, SIMON, WARSHAW & PENNY, LLP**

By: _____/s/ *Daniel L. Warshaw*_____
DANIEL L. WARSHAW
Class Counsel for Plaintiffs and the Class